PIERCE O'DONNELL (SBN 081298)
PODonnell@GreenbergGlusker.com
TIMOTHY J. TOOHEY (SBN 140117)
TToohey@GreenbergGlusker.com
PAUL BLECHNER (SBN159514)
PBlechner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff
MICHAEL TERPIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL TERPIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC; and DOES 1-25,<br><br>　　　　　Defendants. | Case No.  2:18-cv-06975-ODW-KS<br><br>**OPPOSITION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT OF DEFENDANT AT&T MOBILITY LLC**<br><br>Assigned To:<br>Honorable Otis D. Wright II and<br>Honorable Maria A. Audero<br><br>Date:  January 28, 2019 [off calendar as per Order of January 23, 2019]<br>Time:  1:30 p.m.<br>Dept./Place:  350 West 1st Street, 5th Floor, Courtroom 5D, Los Angeles CA 90012 |

Plaintiff Michael Terpin ("Plaintiff" or "Mr. Terpin") opposes the Request for Judicial Notice of Defendant AT&T Mobility LLC ("AT&T" or "Defendant") ("Request") purportedly filed in support of AT&T's Motion to Dismiss ("MTD") as being both untimely and irrelevant.

AT&T improperly delayed in filing the Request. Plaintiff filed his complaint (the "*Truglia* Complaint") in *Terpin v. Truglia; Does One through Twenty-Five inclusive*, Case No. 18 STCV09875 in Los Angeles Superior Court on December 28, 2018 ("*Terpin v. Truglia et al.*"), yet AT&T waited until January 22, 2019—less than a week before the scheduled hearing on the MTD to file the Request.[1] AT&T's delay in making the Request appears to be calculated to deprive Plaintiff of an adequate opportunity to oppose the Request or to cause delay in the Court's ruling on the pending motions. AT&T's delay in making the Request constitutes a sufficient basis to deny the Request.

The Request should independently be denied because the *Truglia* Complaint is irrelevant to the pending motions. AT&T misleadingly argues that AT&T is not named as part of the criminal conspiracy alleged in the *Truglia* Complaint. AT&T's assertion ignores the fact that the complaint is not brought solely against Truglia, but against twenty-five Doe defendants who are alleged to have participated in the actions. The *Truglia* Complaint *does not state* that AT&T or its employees, agents or contractors were not part of the criminal conspiracy, nor does it allege any facts that preclude Mr. Terpin's independent claims against AT&T in this or any other action.

Moreover, AT&T's argument that the *Truglia* Complaint contains allegations that are inconsistent with those in the complaint in this action is likewise incorrect. As reflected in the *Truglia* Complaint, Plaintiff's understanding of the facts related to the SIM swap of his accounts has understandably evolved since August 15, 2018

---

[1] On January 23, 2019, the Court took the hearing on the MTD off calendar.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

1  when the complaint in this action was filed. However, the allegations in the *Truglia*
2  Complaint are neither incompatible with those in the complaint in this action, let
3  alone "admissions" that support AT&T's position in the MTD.
4    Nothing in the *Truglia* Complaint undermines the allegations in this action.
5  As alleged in Mr. Terpin's complaint, AT&T's security practices were woefully
6  inadequate in protecting him against a massive almost $24 million theft of
7  cryptocurrency on January 7, 2018. Those poor security practices include AT&T's
8  failure to enforce or even put into practice the additional security measures that it
9  had promised Mr. Terpin after an earlier SIM swap of his account, including a six-
10 digit code supposedly required for anyone to gain access to the account. As further
11 alleged in the Complaint, AT&T engaged in negligent hiring practices and failed to
12 supervise its employees so that they would protect the privacy of its customers
13 against the foreseeable actions of hackers perpetrating unauthorized SIM swaps.
14   Nothing alleged in the *Truglia* Complaint would relieve AT&T of liability in
15 this action. As argued in Mr. Terpin's opposition to the MTD, AT&T cannot be
16 relieved from liability for intervening acts of third parties (such as those who
17 participated in the SIM swap against Mr. Terpin) unless both the "intervening act
18 and the results of that act" are *unforeseeable*. *Chanda v. Federal Home Loans
19 Corp.*, 215 Cal. App. 4th 746, 701 (2013). Indeed, the California Supreme Court
20 has stated that "[*i*]*t is of no consequence that the injury to plaintiffs was brought
21 about by the criminal acts of a third person.*" *Isaacs v. Huntington Memorial
22 Hospital*, 38 Cal. 3d 112, 131 (1985) (emphasis added).
23   Indeed, the only truly substantive new allegation in the *Truglia* Complaint is
24 that Mr. Terpin is now informed and believes that he knows the identity of Mr.
25 Truglia. The fact that the identity of this third person is or is not known does not
26 impact AT&T's liability to Mr. Terpin in any manner, nor does AT&T present any
27 reasoned argument to support such a conclusion.
28

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  In this instance (as further argued in Mr. Terpin's opposition to the MTD), AT&T's had a clear statutory duty to protect its customers' personal information against foreseeable criminal acts, such as those that Mr. Terpin now understands were undertaken by Truglia and others. AT&T readily could have foreseen that hackers such as Truglia would perpetrate SIM swaps on its customers because such criminal and fraudulent actions were widely publicized, as was AT&T's own poor security practices. Indeed, it was foreseeable that Mr. Terpin's account was susceptible to such an attack because Mr. Terpin had informed AT&T prior to January 7, 2018 of a prior SIM swap. *See* AT&T Complaint ¶¶ 64-69. The allegations in the *Truglia* Complaint thus *support* Mr. Terpin's position that hacking through SIM swaps is an entirely foreseeable event which AT&T is statutorily required to guard against.

Moreover, the question of whether an intervening act is foreseeable is a question of fact that cannot be resolved on a MTD. *Chanda*, *supra*. *See also Rosh v. Cave Imaging Systems, Inc.*, 26 Cal. App. 4th 1225, 1236 (1994) (question of whether numerous security violations demonstrated defendant's lax security factual question for jury). That issue has already been briefed, and those arguments are not impacted in any manner by the revelation of Mr. Truglia's identity. If anything, the evolving investigations into the SIM swap of Mr. Terpin's AT&T account support Mr. Terpin's position that his claims against AT&T, including those for violation of the Federal Communications Act and the California Penal Code prohibition against unauthorized computer access, as well as the actions relating to AT&T's own negligent hiring and supervision of employees, cannot be resolved on a MTD because these are intensely factual questions.

Finally, even if the allegations in the *Truglia* Complaint and the complaint in this action were incompatible (which they are not), Mr. Terpin would not be judicially estopped to make such allegations because both this action and Mr. Terpin's action against Truglia and others in state court are at the pleading stage.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1  The doctrine of judicial estoppel requires that the party estopped has been
2  successful in advancing the inconsistent position in a prior proceeding. "Absent
3  success in a prior proceeding, a party's later inconsistent position introduces no
4  'risk of inconsistent court determinations.'" *New Hampshire v. Maine*, 532 U.S.
5  742, 750-51 (2001), *quoting United States v. C.I.T. Constr. Inc.*, 944 F.2d 253, 259
6  (5th Cir. 1991).

7  Rather than misusing the filing of the *Truglia* Complaint as part of a
8  misguided effort to evade liability for its own actions, AT&T should be accepting
9  responsibility for its own wrongdoing and should be applauding Mr. Terpin's
10 efforts to pursue others who may have responsibility with AT&T for the SIM swap
11 of his AT&T account. Any recovery against the defendants in the *Truglia* action
12 may result in a credit to AT&T in this action in conformity with applicable law.
13 Moreover, Mr. Terpin's diligence in seeking out all the perpetrators of the SIM
14 swaps may benefit AT&T (as well as all of its customers) by exposing the patent
15 faults of its security practices. Indeed, one wonders why AT&T has chosen to
16 impugn Mr. Terpin's efforts, rather than to pursue wrongdoers who are riding
17 roughshod over its customers' privacy.

18 For the foregoing reasons, Mr. Terpin asks that the Court deny the Request.

20 DATED: January 23, 2019

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: /s/ *Timothy J. Toohey*
TIMOTHY J. TOOHEY (SBN 140117)
Attorneys for Plaintiff MICHAEL
TERPIN