PIERCE O'DONNELL (SBN 081298)
PODonnell@GreenbergGlusker.com
TIMOTHY J. TOOHEY (SBN 140117)
TToohey@GreenbergGlusker.com
PAUL BLECHNER (SBN159514)
PBlechner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff
MICHAEL TERPIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL TERPIN,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC; and DOES 1-25,<br><br>    Defendants. | Case No.  2:18-cv-06975-ODW-KS<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF MICHAEL TERPIN'S OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT OF DEFENDANT AT&T MOBILITY, LLC**<br><br>*Assigned To:*<br>Honorable Otis D. Wright II<br><br>Hearing:  May 4, 2020 [off calendar]<br>Time:  1:30 p.m.<br>Dept./Place:  350 West 1st Street<br>    5th Floor, Courtroom 5D<br>    Los Angeles, CA 90012 |

83764-00002/3791302.1

PLAINTIFF MICHAEL TERPIN'S REQUEST
FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence and in further support of Plaintiff Michael Terpin's ("Plaintiff") Opposition to Motion to Dismiss the Second Amended Complaint of Defendant AT&T Mobility, LLC (the "Opposition to Dismiss the SAC") filed on April 13, 2020 (Docket No. 44), Plaintiff respectfully requests that the Court take judicial notice of two recent decisions in cases arising out of similar facts involving the same defendant as this case: (1) Order Granting in Part and Denying in Part Motion to Dismiss in *Ross v. AT&T Mobility, LLC* ("*Ross*"), Case No. 19-cv-0669-JST (N.D. Cal., May 14, 2020) (Tigar, J) (the "*Ross* Order") attached hereto as Exhibit 1; and (2) Order Re: Defendant's Motion to Dismiss the Complaint in *Shapiro v. AT&T Mobility, LLC* ("*Shapiro*"), Case No. 2:19-cv-8972-CBM-FFM (C.D. Cal., May 18, 2020) (Marshall, J.) (the "*Shapiro* Order")), attached hereto as Exhibit 2. Mr. Terpin further requests that the Court take judicial notice of the complaint in *Ross* attached hereto as Exhibit 3 and the complaint in *Shapiro* attached hereto as Exhibit 4.

**Legal Authority**

Under Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of any fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be question." Courts routinely take judicial notice of documents filed in other courts. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts."); *HPG Corp. v. Countrywide Home Loans*, 2010 WL 1159552, at *2 (C.D.Cal. Nov. 8, 2010).[1]

---

[1] In addition, Federal Rule of Appellate Procedure 32.1 expressly permits the citation of all judicial opinions and orders issued after January 1, 2007, even if not published in an official reporter.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Both the *Ross* and *Shapiro* Orders were issued after Mr. Terpin filed his Opposition to AT&T's Motion to Dismiss the SAC in this matter on April 13, 2020. Both *Ross* and *Shapiro* involve allegations similar to those in this matter involving SIM swaps involving AT&T. *See* Exhs. 3 and 4. Moreover, in both cases AT&T sought to dismiss the complaints on grounds that were strikingly similar to the three motions to dismiss that AT&T has filed in this case, including its most recent motion to dismiss the SAC. Significantly, in both *Ross* and *Shapiro*, the courts rejected arguments by AT&T similar to the one that it brings here to strike Mr. Terpin's claim for punitive damages in the SAC. Plaintiff therefore requests judicial notice of the *Ross* and *Shapiro* Orders as persuasive authority in support of Mr. Terpin's Opposition to AT&T's motion to strike Mr. Terpin's punitive damages demand.

**The Allegations in *Ross* and *Shapiro* are Similar to Those in This Case.**

The allegations in *Ross* and *Shapiro* are strikingly similar to those of this case. *See* Exhs. 3 and 4. Indeed, the court in *Ross* noted that similarity in following the Court's decisions on AT&T's motions to dismiss Mr. Terpin's claims. Citing this Court's February 24, 2020 Order in *Terpin v. AT&T Mobility, LLC*, 2020 WL 883221 (C.D.Cal. Feb. 24, 2020) (which denied AT&T's attempt to dismiss certain claims in Mr. Terpin's First Amended Complaint), the court in *Ross* stated that the "[*Terpin*] case involves claims and allegations very similar to those at issue here . . . . There, the plaintiff alleged that hackers gained control over his AT&T phone number through an unauthorized SIM swap that was assisted by an AT&T employee. *Id*. at *1. This allowed the hackers to gain access to his telephone calls and text messages, and as a result, the hackers were able to use his telephone number for two-factor authentication to ultimately access his financial and other accounts and steal substantial funds from the plaintiff. *Id*."[2] Exh. 1, *Ross*

---

[2] The court in *Ross v. AT&T Mobility* rejected AT&T's argument in that case that it was different than this matter because Terpin had informed AT&T of a prior SIM

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Order at 17-18; *see also* Ross Order at 24 ("*Terpin* . . . involves claims arising out of SIM swap based on allegations very similar to those at issue here. . . .")

The facts giving rise to *Shapiro* are also very similar to those of this case. *See* Exh. 4. In the complaint in that action, Mr. Shapiro alleged that he was an AT&T customer and the victim of a SIM swap which resulted in the loss of more than $1.8 million in cryptocurrency. *Id*; *see also* Shapiro Order at 6-7. Mr. Shapiro further alleged that AT&T allowed its employees to illegally access his account to effectuate the SIM swap and that AT&T failed to provide adequate security to safeguard his account and data from unauthorized access. *Id*.

**The Ross and Shapiro Courts Denied AT&T's Motions to Dismiss Claims for Punitive Damages at the Pleading Stage.**

The courts in both *Ross* and *Shapiro* denied AT&T's motion to dismiss the punitive damages claims on grounds that further support Mr. Terpin's opposition to AT&T's similar motion in this case. For example, in his Opposition to Dismiss the SAC, Mr. Terpin argues that AT&T "consciously and maliciously put in place a system that it knew would not protect the security and privacy of its customers' personal information." Opposition at 13. Mr. Terpin further argues that AT&T is liable for punitive damages because of the actions of its corporate managerial employees in implementing and maintaining a system that did not protect the private information and communication of its customers." *Id*. He further alleges that although AT&T was aware of its obligation to protect its customers' personal information and had an obligation under the FCA to protect the confidential information of its customers, it established a system that it knew could not prevent its employees from disclosing personal information to unauthorized individuals. *Id*. at 14.

---

swap which had placed AT&T on notice finding that such a difference "was not dispositive." Exh. 1, *Ross* Order at 18.

Mr. Terpin further argues that the punitive damages claim should not be dismissed because AT&T was aware of the inadequacies of its systems to protect personal information through a 2015 FCC consent decree ("Consent Decree") that had arisen because its employees turned over its customers' personal information. *Id*. Mr. Terpin alleges that AT&T through its corporate officers "deliberately ignored the requirements of the Consent Decree by establishing and continuing to promote to its customers a system that it knew did not protect customers' information." *Id*. at 15.

Mr. Terpin further argued in his Opposition that the allegations of the SAC are adequate to support his claim that AT&T is liable for punitive damages under Cal. Civ. Code § 3294(a)-(b) because it was "guilty of oppression, fraud or malice." In support, Mr. Terpin cites allegations regarding AT&T's knowledge of the inadequacies of its security and historic pattern of inadequate security that did nothing to prevent its employees in turning over personal information of customers to unauthorized individuals. *Id*. at 16-19.

In *Ross,* the court rejected arguments similar to those brought here by AT&T, finding that Mr. Ross had adequately alleged a basis for punitive damages under Cal. Civ. Code § 3284(a). For example, as it does in this case, AT&T attempted to dismiss Mr. Ross' punitive damages claims because Mr. Ross "fails to allege that any officer, director, or managing agent of AT&T knew about, committed, ratified, or authorized any of the actions about which Ross complains." *Ross* Order at 28. The court rejected that argument. Citing *ExxonMobil Oil Corp. v. S. California Edison Co.*, 2013 WL 12166214, at *3 (C.D.Cal. May 1, 2013), the court found that it was adequate that "Ross alleges that AT&T had a history of its own employees disclosing customer information without authorization, because AT&T was fined by the FCC [through the Consent Decree] on the ground that AT&T employees accessed and sold the data of thousands of AT&T customers to third parties." *Id*. at 29. The court further found that the FCA and related rules and regulations required

AT&T to protect customers' personal information and that AT&T had made promises in its privacy policy to protect such information. *Id*. at 29-30.

The court in *Ross* further found that "these allegations are sufficient to raise the inference that Ross' unauthorized SIM swap occurred as a result of its obligations to protect its customers' information from unauthorized disclosure pursuant to its own promises and its legal obligations" and denied AT&T's motion to dismiss Ross' request for punitive damages. *Id.* at 30.

In *Shapiro*, the court also rejected AT&T's argument that the allegations of that complaint were inadequate to allege punitive damages under the standard of Cal. Civ. Code § 3294. The *Shapiro* court found that "the Complaint satisfies federal pleading standards for punitive damages because it sufficiently alleges AT&T's awareness of the unfitness of its employees and a conscious or reckless disregard of Plaintiff's rights." *Shapiro* Order at 12. In support of its finding, the court pointed to the 2015 actions of AT&T's employees in accessing AT&T accounts and selling personal information (which led to the FCC Consent Decree) as showing that AT&T knew its employees were unfit and its security inadequate. *Id*. The court further cited Mr. Shapiro's prior interactions with AT&T and prior SIM swaps to his account as a further basis for punitive damages. *Id*.

**The Court May Take Judicial Notice of the Decisions of the Ross and Shapiro Courts As Persuasive Authority.**

The Court may take judicial notice of the *Ross* Order and the *Shapiro* Order as persuasive authority in support of Mr. Terpin's opposition to AT&T's motion to dismiss. Considering similar facts and similar arguments by AT&T, the courts in both *Ross* and *Shapiro* found that the plaintiffs' allegations in those cases adequately supported a claim for punitive damages at the pleading stage based on AT&T's prior knowledge of its employees' turning over personal information of its customers in the events that led to the 2015 FCC Consent Decree. Moreover, the courts in both cases cited AT&T's knowledge of SIM swaps and, in the *Shapiro*

case, the prior dealings of the plaintiff with AT&T, as satisfying the requirements for alleging punitive damages at the pleading stage.

      Accordingly, Mr. Terpin requests that the Court take judicial notice of the *Ross* Order and the *Shapiro* Order which were issued after Mr. Terpin filed its Opposition to AT&T's Motion to Dismiss the Second Amended Complaint on April 13, 2020.

DATED: May 26, 2020

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP


By: /s/ Timothy J. Toohey
    TIMOTHY J. TOOHEY (SBN 140117)
    Attorneys for Plaintiff MICHAEL TERPIN