MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ASHLEY E. JOHNSON, admitted *pro hac vice*
  ajohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Suite 2100
Dallas, TX 75201-2911
Telephone: 214.698.3100
Facsimile: 214.571.2900

Attorneys for Defendant AT&T MOBILITY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL TERPIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AT&T MOBILITY LLC,<br><br>　　　　Defendant. | CASE NO. 2:18-CV-6975-ODW-KS<br><br>**RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**Hearing:**<br>Date:　May 4, 2020 [off calendar]<br>Time:　1:30 p.m.<br>Place:　350 West 1st Street, 5th Floor<br>　　　　Courtroom 5D<br>　　　　Los Angeles, CA 90012<br>Judge:　Hon. Otis D. Wright II |

## I. Introduction

In his request for judicial notice, Mr. Terpin asks the Court to take judicial notice of the non-binding decisions of two other courts regarding the sufficiency of other plaintiffs' pleading of punitive damages in unrelated SIM swap cases. Dkt. 47. Although AT&T Mobility LLC ("AT&T") does not object to the Court taking judicial notice of the two decisions, AT&T submits that both decisions are inconsistent with the law and with this Court's prior decision in this case. Accordingly, this Court should not follow the decisions Mr. Terpin submits.

## II. This Court Has Previously Addressed the Pleading Standard for Punitive Damages in This Case.

In this Court's previous order granting in part and denying in part AT&T's motion to dismiss, the Court dismissed Mr. Terpin's claim for punitive damages because he "alleges no facts showing that an officer, director, or managing agent of AT&T knew about or ratified the alleged wrongful conduct of which he complains." This is the proper standard under Section 3294(b), which provides that "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." In addition, under *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007), allegations supporting punitive damages, no less than any other allegations in a complaint, must include "enough facts to state a claim to relief that is plausible on its face."

The better-reasoned decisions apply *Twombly* to requests for punitive damages. In *Khan v. 7-Eleven, Inc.*, 2015 WL 12743691, at *2 (C.D. Cal. Sept. 15, 2015), for example, this Court concluded that "given that punitive damages in California are authorized by statute, the Court finds no authority allowing a plaintiff to plead such a claim with bare assertions of malice or oppression." *Id.*; *see also id.* (applying "the *Iqbal* standard to assess whether [the plaintiff] has alleged facts sufficient to show that [the defendant's] officers, directors, or managing agents authorized or ratified its employees' malicious, oppressive, or fraudulent conduct"). Similarly, in *Perez v. Auto Tech. Co.*,

Gibson, Dunn & Crutcher LLP

1

2014 WL 12588644, at *7 (C.D. Cal. July 14, 2014), this Court held that conclusory statements to support punitive damages are "not entitled to the presumption of truth under *Iqbal* and *Twombly*." This Court's holding in this case is in line with these prior decisions in this district.

### III. The Decisions in *Shapiro* and *Ross* Do Not Apply the Correct Legal Standard

AT&T respectfully submits that neither the *Shapiro* nor the *Ross* decision properly applied this governing legal standard. In *Shapiro*, the Court relied on an erroneous legal standard, reciting that "in federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." Op. at 11–12 (quoting *Tamburri v. Suntrust Mortg., Inc.*, 2012 WL 3582924, at *3 (N.D. Cal. Aug. 20, 2012)). But *Twombly* rejects the notion that a "wholly conclusory" allegation can survive a motion to dismiss. 550 U.S. at 561. Indeed, while the decision in *Tamburri* quotes this broad authorization of "unsupported and conclusory averments," it actually proceeds to rest its decision on the conclusion that "[a]ssuming nonetheless that allegations sufficient to establish a plausible basis for punitive damages are required under *Twombly* and [*Ashcroft v.*] *Iqbal*, the allegations here are sufficient." *Tamburri*, 2012 WL 3582924, at *3. Moreover, *Tamburri* traces the approval of "unsupported and conclusory averments" to a pre-*Twombly* decision, *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000). Accordingly, the holding in *Shapiro* that Plaintiff had satisfactorily pled a claim for punitive damages relies on an understanding of the law that was overruled by *Twombly*, and it therefore should not be followed.

In *Ross*, the Court relied on a single decision, holding that the plaintiff had adequately pled punitive damages because the conduct he alleged was "similar to" conduct that was found to be sufficient in *ExxonMobil Oil Corp. v. Southern California Edison Co.*, 2013 WL 12166214 (C.D. Cal. May 1, 2013). Op. at 29–30. *ExxonMobil* bears no resemblance to the *Ross* case, much less to the present case. Notably, the

plaintiff in *Ross* only cited the *ExxonMobil* decision once, as support for the notion that his allegations were not conclusory; Mr. Terpin does not cite the *ExxonMobil* decision at all in his most recent opposition to AT&T's motion to dismiss, and he gave it cursory treatment in his prior opposition brief.  *See* Dkt. 44; Dkt. 34 at 21.  This treatment is consistent with the fact that *ExxonMobil* confronted a very different situation, where the complaint alleged *specific* steps that the defendant had taken, or failed to take, that had led to the outages; where the plaintiff and defendant settled *two* prior litigations alleging damages from the defendant's action or inaction; and where the plaintiff was "one of [defendant's] largest customers in California."  *ExxonMobil Oil Corp.*, 2013 WL 12166214, at *1, *3.  These facts suggested that the disregard of the plaintiff was occurring "at the level of a [defendant] 'officer, director, or managing agent.'"  *Id*.  Here, there is no allegation whatsoever in the Complaint to suggest that any officer of AT&T was aware of Mr. Terpin *at all*, much less that an officer was involved in decisions regarding his specific account.

In cases more analogous to this one, involving an undocumented risk, courts have consistently dismissed requests for punitive damages.  For example, in *Rosa v. Taser International, Inc.*, the plaintiff alleged that the defendant's officers disregarded a risk, demonstrated in several studies, that its products could cause fatalities.  684 F.3d 941, 947 (9th Cir. 2012).  The Ninth Circuit, however, held that the defendant could not have known of the risk highlighted by the plaintiff because the only report showing such a risk was published *after* the product was already on the market.  *Id.* at 949 n.7.  "Logically," the defendant "could not have disregarded a known risk that its products could cause [fatalities]."  *Id. Johnson & Johnson Talcum Powder Cases*, 37 Cal. App. 5th 292 (2019), was much the same.  There, the court rejected a claim for punitive damages because there was no documented evidence of a risk from the defendant's products—clear "[s]cientific evidence" about the potential dangers "developed post-injury."  *Id.* at 334.  As a result, the plaintiff "did not create a reasonable inference that [the defendant] was acting with malice, pre-injury, in failing to warn of [any] probable

dangerous consequences." *Id.*  This case not only does not involve allegations of previous similar injuries or known risk, but involves a case of first impression where punitive damages are unavailable.  *See* Dkt. 43 at 23.

Here, for the reasons set forth in AT&T's motion to dismiss, Mr. Terpin has not pled any facts to support his conclusory allegations that any AT&T officer, director, or managing agent authorized or ratified conduct warranting punitive damages.  *See* Dkt. 43 at 15-18.  Nor has he pled facts plausibly suggesting oppression, fraud, or malice.  *See id.* at 18-22.  Accordingly, he has not pled facts sufficient to survive AT&T's motion to dismiss on the issue of punitive damages.

### IV. Conclusion

In short, this Court applied the proper framework, and reached the proper decision, in dismissing Mr. Terpin's request for punitive damages.  While AT&T does not object to the Court taking judicial notice of the non-binding *Ross* and *Shapiro* decisions, it respectfully contends that neither decision applies the proper law, and that neither decision provides a basis for this Court to alter its prior outcome.

Dated: June 1, 2020

> MARCELLUS MCRAE
> ASHLEY E. JOHNSON
> GIBSON, DUNN & CRUTCHER LLP
>
> By: /s/ *Ashley E. Johnson*
>      Marcellus McRae
>      Ashley E. Johnson
>
> Attorneys for Defendant AT&T MOBILITY LLC

103947082.2