1  MARCELLUS MCRAE, SBN 140308
      mmcrae@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, CA  90071-3197
   Telephone:    213.229.7000
4  Facsimile:    213.229.7520

5  ASHLEY E. JOHNSON, admitted *pro hac vice*
      ajohnson@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   2001 Ross Avenue
7  Dallas, TX  75201-2997
   Telephone:    214.698.3100
8  Facsimile:    214.571.2949

9  Attorneys for Defendant AT&T MOBILITY LLC

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  MICHAEL TERPIN,                        CASE NO. 2:18-CV-6975 (ODW)

14              Plaintiff,                 **DEFENDANT AT&T MOBILITY LLC'S**
                                           **ANSWER TO PLAINTIFF'S SECOND**
15       v.                                **AMENDED COMPLAINT**

16  AT&T MOBILITY LLC, *et al.*,
                                           Action Filed:  August 15, 2018
17              Defendants.

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

Defendant AT&T Mobility LLC ("AT&T") hereby answers Michael Terpin's ("Mr. Terpin" or "Plaintiff") Second Amended Complaint.  Any allegation not explicitly admitted is denied.  AT&T does not, by noting or admitting that the Second Amended Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced document.  Moreover, headings and footnotes contained within the Second Amended Complaint are not substantive allegations to which an answer is required.  To the extent headings are substantive allegations to which an answer is required, AT&T denies the allegations.  To the extent footnotes in the Second Amended Complaint are deemed to be substantive allegations, then the response to the paragraph in which the footnote is found is AT&T's response to the footnote as well.  In answer to the Second Amended Complaint, AT&T states as follows:

### I. Response to Allegations Styled "Jurisdiction and Venue"

1.    AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 1 of the Second Amended Complaint regarding Mr. Terpin's domicile and residence.  The remaining allegations in Paragraph 1 of the Second Amended Complaint contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T admits for purposes of this action only that the Court has subject matter jurisdiction over this action.  AT&T notes that AT&T Inc. is not a Defendant in this case and was dismissed voluntarily by Plaintiff on August 23, 2018.  Except as expressly admitted, AT&T denies the allegations in Paragraph 1 of the Second Amended Complaint.

2.    AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the second and third sentences of Paragraph 2 of the Second Amended Complaint.  AT&T denies that it violated Mr. Terpin's privacy in any way.  The allegations in the first and fourth sentences in Paragraph 2 of the Second Amended Complaint contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T admits for purposes of this action only that the Court has personal jurisdiction over AT&T and that venue is appropriate in this district.  Except as expressly admitted, AT&T denies the allegations in Paragraph 2 of the Second Amended Complaint.

## II. Response to Allegations Styled "Introduction"

3.     AT&T admits that federal and state laws and regulations govern its conduct.  AT&T also admits that it has its own Privacy Policy and Code of Business Conduct ("COBC").  Those laws, regulations, and policies speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith.  Except as expressly admitted, AT&T denies the allegations in Paragraph 3 of the Second Amended Complaint.

4.     AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc., which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies the remaining allegations in Paragraph 4 of the Second Amended Complaint.

5.     AT&T denies the allegations in Paragraph 5 of the Second Amended Complaint.

6.     AT&T admits that effecting a SIM change without authorization can be referred to as a "SIM swap."  AT&T lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 6, which refer to SIM changes and criminal hacking motivations and conduct in general and without reference to a specific incident, and on that basis denies the same.  AT&T denies any remaining allegations in Paragraph 6 of the Second Amended Complaint.

7.     AT&T denies the allegations in Paragraph 7 of the Second Amended Complaint.

8.     AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 8 of the Second Amended Complaint, and, on that basis, it denies them.  AT&T denies the remaining allegations in Paragraph 8 of the Second Amended Complaint.

9.     AT&T admits that Exhibit F appears to be a copy of a criminal complaint in a case captioned *United States v. White et al*.  That document speaks for itself.  Except as expressly admitted, AT&T denies the allegations in Paragraph 9 of the Second Amended Complaint.

10.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 10 of the Second Amended Complaint regarding Mr. Terpin's expectations and beliefs, and on that basis denies the same.  AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 10 of the Second Amended Complaint that Plaintiff

experienced two hacks.   AT&T denies any remaining allegations in Paragraph 10 of the Second Amended Complaint.

11.   AT&T lacks knowledge or information sufficient to determine the truth regarding the actions of Smith or any alleged "gang of hackers," and on that basis denies the same.   AT&T denies the remaining allegations in Paragraph 11 of the Second Amended Complaint.

12.   AT&T denies that any AT&T employee participated in the events alleged in Paragraph 12 of the Second Amended Complaint.   AT&T admits that two-factor authentication typically requires a person to provide two pieces of information to access the protected information.   AT&T lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12, and on that basis denies the same.

13.   AT&T denies the allegations in Paragraph 13 of the Second Amended Complaint.

14.   AT&T lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 14 regarding Mr. Terpin's alleged communications with other individuals who experienced SIM swaps.   The allegations in the second sentence of Paragraph 14 of the Second Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations, and, on that basis, AT&T denies them.   AT&T denies the remaining allegations in Paragraph 14 of the Second Amended Complaint.

15.   AT&T denies the allegations in Paragraph 15 of the Second Amended Complaint.

16.   The allegations in the third and fourth sentences of Paragraph 16 of the Second Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations, and, on that basis, AT&T denies them.   AT&T denies the remaining allegations in Paragraph 16 of the Second Amended Complaint.

17.   The allegations in the first sentence of Paragraph 17 of the Second Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.   AT&T notes that the Court has dismissed Plaintiff's demand for punitive damages. AT&T denies the remaining allegations in Paragraph 17 of the Second Amended Complaint.

### III. Response to Allegations Styled "The Parties"

18.    AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the first sentence of Paragraph 18 of the Second Amended Complaint, and on that basis denies the same.  AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, which refer to cryptocurrency in general and without reference to a specific "holder of cryptocurrency" or type of cryptocurrency, and on that basis denies the same.

19.    AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 19 of the Second Amended Complaint, and on that basis denies the same.

20.    AT&T admits that it is a wholly owned subsidiary of AT&T Inc., a Delaware Corporation with its principal place of business in Dallas, Texas.  AT&T admits it is a limited liability corporation with its principal place of business in Brookhaven, Georgia.  AT&T further admits that it provides wireless service to subscribers in the United States, Puerto Rico, and the U.S. Virgin Islands. The remaining allegations of Paragraph 20 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA and related regulations speak for themselves, and denies any characterization or description that is inconsistent therewith.  Except as expressly admitted, AT&T denies the allegations in Paragraph 20 of the Second Amended Complaint.

21.    AT&T admits that it is a leading telecommunications provider in the United States. AT&T further admits that AT&T, Inc. is a holding company whose subsidiaries and affiliates operate in the communications and digital entertainment services industry.  AT&T admits that its Form 8-K filed on October 24, 2017, indicated that, at September 30, 2017, AT&T Inc. and its subsidiaries and affiliates had 138.8 million domestic wireless subscribers.  AT&T admits that its 2017 AT&T Earnings Investor Briefing provided that, in 2017, AT&T Inc. had consolidated revenues of $160.5 billion and total assets of $444,097,000,000.   Except as expressly admitted, AT&T denies the allegations in Paragraph 21 of the Second Amended Complaint.

22.    AT&T admits that it has entered into certain transactions in the past ten years.  The terms of those transactions are set out in separate agreements, which speak for themselves.  AT&T denies any characterization or description that is inconsistent therewith.  AT&T lacks knowledge or

information sufficient to form a belief as to the truth of the allegations of the second, third, or fourth sentences of the Second Amended Complaint and on that basis denies the same. AT&T denies the remaining allegations in Paragraph 22 of the Second Amended Complaint.

23. The allegations in the first sentence of Paragraph 23 of the Second Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations, and, on that basis, AT&T denies them. To the extent Paragraph 23 of the Second Amended Complaint purports to characterize and quote from an *EFF* article, that article speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T admits that it has engaged in communications with the FCC on multiple occasions regarding a variety of issues. Those communications speak for themselves. AT&T denies any remaining allegations in Paragraph 23 of the Second Amended Complaint.

24. The allegations in the first sentence of paragraph 24 of the Second Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations, and, on that basis, AT&T denies them. AT&T denies the remaining allegations in Paragraph 24 of the Second Amended Complaint.

25. AT&T denies the allegations in Paragraph 25 of the Second Amended Complaint.

26. AT&T denies the allegations in Paragraph 26 of the Second Amended Complaint.

27. Because the Court dismissed Does Eleven through Twenty Five, no response is required to Paragraph 27 of the Second Amended Complaint with regard to these parties. The allegations in Paragraph 27 of the Second Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations, and, on that basis, AT&T denies them.

## IV.  Response to Allegations Styled "Factual Allegations"

### A.  Response to Allegations Styled "AT&T's Statutory Obligation To Protect Customers' Personal Information Under The Federal Communications Act"

28. The allegations in Paragraph 28 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 28 of the Second Amended Complaint.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 2:18-CV-6975 (ODW)

29.     The allegations in Paragraph 29 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 29 of the Second Amended Complaint.

30.     The allegations in Paragraph 30 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 30 of the Second Amended Complaint.

31.     The allegations in Paragraph 31 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 31 of the Second Amended Complaint.

32.     The allegations in Paragraph 32 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that Paragraph 32 purports to characterize and quote from rules promulgated by the FCC to implement Section 222 of the FCA ("CPNI Rules").  The CPNI Rules speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith.   AT&T denies any remaining allegations in Paragraph 32 of the Second Amended Complaint.

33.     The allegations in Paragraph 33 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that Paragraph 33 purports to characterize and quote from the CPNI Rules.  The CPNI Rules speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 33 of the Second Amended Complaint.

34.     The allegations in Paragraph 34 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that Paragraph 34 purports to characterize and quote from the CPNI Rules.  The CPNI Rules speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 34 of the Second Amended Complaint.

35.     The allegations in Paragraph 35 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that Paragraph 35 purports to characterize and quote from an FCC order.  That order speaks for itself and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 35 of the Second Amended Complaint.

36.     The allegations in Paragraph 36 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that Paragraph 36 purports to characterize and quote from an FCC order.  That order speaks for itself and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 36 of the Second Amended Complaint.

37.     AT&T denies the allegations in Paragraph 37 of the Second Amended Complaint.

38.     The allegations in the first sentence of Paragraph 38 of the Second Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations, and, on that basis, AT&T denies them.   AT&T denies the remaining allegations in Paragraph 38 of the Second Amended Complaint.

**B.     Response to Allegations Styled "AT&T Employees' Disclosure Of Customers' Personal Information And The April 8, 2015 FCC Consent Decree"**

39.     AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc., which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 39 of the Second Amended Complaint.

40.     AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc., which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 40 of the Second Amended Complaint.

41.     AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc., which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any

1   characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations
2   in Paragraph 41 of the Second Amended Complaint.

3       42.    AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc.,
4   which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any
5   characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations
6   in Paragraph 42 of the Second Amended Complaint.

7       43.    AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc.,
8   which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any
9   characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations
10  in Paragraph 43 of the Second Amended Complaint.

11      44.    AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc.,
12  which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any
13  characterization or description that is inconsistent therewith.  The allegations in Paragraph 44 contain
14  legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that
15  the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith.
16  AT&T further notes that Paragraph 44 purports to characterize an FCC order.  That order speaks for
17  itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies
18  any remaining allegations in Paragraph 44 of the Second Amended Complaint.

19      45.    AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc.,
20  which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any
21  characterization or description that is inconsistent therewith.  The remaining allegations in Paragraph
22  45 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T
23  notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent
24  therewith.  AT&T further notes that Paragraph 45 purports to characterize an FCC order.  That order
25  speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.
26  AT&T denies any remaining allegations in Paragraph 45 of the Second Amended Complaint.

27      46.    AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc.,
28  which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any

Gibson, Dunn &
Crutcher LLP

characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 46 of the Second Amended Complaint.

47.     AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc., which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 47 of the Second Amended Complaint.

48.     AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc., which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 48 of the Second Amended Complaint.

49.     AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc., which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 49 of the Second Amended Complaint.

50.     AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc., which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 50 of the Second Amended Complaint.

51.     AT&T notes that the FCC entered into a Consent Decree with AT&T Services, Inc., which is not a party to this case.  That Consent Decree speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  The allegations in Paragraph 51 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 51 of the Second Amended Complaint.

C.     **Response to Allegations Styled "AT&T's Privacy And Security Commitments To Customers In Its Privacy Policy And Code Of Business Conduct"**

52.     AT&T admits that it has a Privacy Policy and a COBC, and that Paragraph 52 of the Second Amended Complaint purports to quote and characterize that Privacy Policy and COBC.  Those documents speak for themselves, and AT&T denies any characterization or description that is

inconsistent therewith.  AT&T denies the remaining allegations in Paragraph 52 of the Second Amended Complaint.

53.     AT&T notes that Paragraph 53 purports to characterize AT&T's Privacy Policy and COBC.  Those documents speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 53 of the Second Amended Complaint.

54.     AT&T notes that Paragraph 54 purports to characterize AT&T's Privacy Policy.  That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 54 of the Second Amended Complaint.

55.     AT&T notes that Paragraph 55 purports to characterize AT&T's Privacy Policy.  That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 55 of the Second Amended Complaint.

56.     The allegations in the first sentence of Paragraph 56 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in the first sentence of Paragraph 56.  AT&T notes that the remaining allegations in Paragraph 56 purport to characterize AT&T's COBC.  That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 56 of the Second Amended Complaint.

57.     AT&T notes that Paragraph 57 purports to characterize AT&T's COBC.  That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 57 of the Second Amended Complaint.

58.     AT&T notes that Paragraph 58 purports to characterize AT&T's Privacy Policy.  That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies the remaining allegations in Paragraph 58 of the Second Amended Complaint.

59.     AT&T denies the allegations in Paragraph 59 of the Second Amended Complaint.

**D.    Response to Allegations Styled "The Prevalence Of SIM Card Swap Fraud"**

60.    AT&T admits that effecting a SIM change without authorization can be referred to as "SIM swapping."  Except as expressly admitted, AT&T denies the allegations in Paragraph 60 of the Second Amended Complaint.

61.    AT&T admits that effecting a SIM change without authorization can be referred to as "SIM swapping."  AT&T lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 61, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and on that basis denies the same.  Except as expressly admitted, AT&T denies the allegations in Paragraph 61 of the Second Amended Complaint.

62.    AT&T admits that two-factor authentication can be used to require a person to verify their identification through two means.  AT&T lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 62, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and on that basis denies the same.  Except as expressly admitted, AT&T denies the allegations in Paragraph 62 of the Second Amended Complaint.

63.    AT&T lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 63, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and on that basis denies the same.

64.    AT&T lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 64, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and on that basis denies the same.

65.    AT&T admits that Exhibit E purports to be an indictment in *United States v. Freeman et al.*, Case No. 2:19-cr-20246 (E.D. Mich.).  That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  Except as expressly admitted, AT&T denies the allegations in Paragraph 65 of the Second Amended Complaint.

66.    AT&T notes that Paragraph 66 purports to quote from and characterize Exhibit E to the Second Amended Complaint.  That document speaks for itself, and AT&T denies any characterization

or description that is inconsistent therewith.  Except as expressly admitted, AT&T denies the allegations in Paragraph 66 of the Second Amended Complaint.

67.     AT&T admits that Exhibit F purports to be a criminal complaint in *United States v. White et al.*, Case No. 2:19-mj-30227 (E.D. Mich.).  That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  Except as expressly admitted, AT&T denies the allegations in Paragraph 67 of the Second Amended Complaint.

68.     AT&T notes that Paragraph 68 purports to characterize a *Motherboard* article and "highly publicized felony complaints." Those documents speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 68 of the Second Amended Complaint.

69.     AT&T notes that Paragraph 69 purports to characterize several "Krebsonsecrity.com" articles.  Those documents speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 69 of the Second Amended Complaint.

70.     AT&T notes that Paragraph 70 purports to characterize and quote from a *Motherboard* article.  That article speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 70 of the Second Amended Complaint.

71.     AT&T notes that Paragraph 71 purports to characterize and quote from a "Krebsonsecurity.com" article.  That article speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 71 of the Second Amended Complaint.

72.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 72 of the Second Amended Complaint, and, on that basis, denies the same.

73.     The allegations in the second sentence of Paragraph 73 are too vague for AT&T to form a belief as to the truth of the allegations, and, on that basis, AT&T denies them.  AT&T notes that Paragraph 73 purports to characterize a "Krebsonsecrity.com" article.  That article speaks for itself,

and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 73.

74.    Paragraph 74 purports to characterize a "Krebsonsecrity.com" article.  That article speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 74.

75.    Paragraph 75 purports to characterize the content of two locations on att.com.  Those websites speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies the remaining allegations of Paragraph 75 of the Second Amended Complaint.

76.    Paragraph 76 purports to characterize a "bitcoinist.com" article.  That article speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies the remaining allegations in Paragraph 76 of the Second Amended Complaint.

77.    Paragraph 77 purports to characterize articles from "Krebsonsecrity.com" and *Motherboard*.  Those articles speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies the remaining allegations in Paragraph 77 of the Second Amended Complaint.

78.    Paragraph 78 purports to characterize and quote from a *Motherboard* article.  That article speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 78 of the Second Amended Complaint.

79.    AT&T denies the allegations in Paragraph 79 of the Second Amended Complaint.

80.    AT&T lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Second Amended Complaint, and, on that basis, it denies them.

81.    Paragraph 81 purports to characterize articles from "Krebsonsecrity.com." That article speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 81 of the Second Amended Complaint.

82.    Paragraph 82 purports to quote from an article from "Krebsonsecrity.com." That article speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 82 of the Second Amended Complaint.

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 2:18-CV-6975 (ODW)

Gibson, Dunn &
Crutcher LLP

83.     The allegations in the first two sentences of Paragraph 83 are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.  AT&T notes that Paragraph 83 purports to characterize and quote from a *Motherboard* article.  That article speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 83 of the Second Amended Complaint.

84.     The allegations in the Paragraph 84 are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.

85.     AT&T denies the allegations in Paragraph 85 of the Second Amended Complaint.

E.      **Response to Allegations Styled "The June 11, 2017 Hack"**

86.     AT&T admits that a SIM swap occurred with respect to Mr. Terpin's telephone number on or about June 11, 2017.  AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 of the Second Amended Complaint, and on that basis denies the same.

87.     AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Second Amended Complaint, and on that basis denies the same.

88.     AT&T admits that Mr. Terpin visited an AT&T retail store in San Juan, Puerto Rico, on or about June 13, 2017, where he met with a retail sales consultant.  AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 of the Second Amended Complaint, and on that basis denies the same.

89.      AT&T admits that Mr. Terpin visited an AT&T retail store in San Juan, Puerto Rico, on or about June 13, 2017, where he met with a retail sales consultant.  AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 of the Second Amended Complaint, and on that basis denies the same.

90.     The allegations in the first sentence of Paragraph 90 of the Second Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.   AT&T notes that Paragraph 90 purports to quote from Mr. Huntley's biography on the AT&T website.  That biography speaks for itself, and AT&T denies any characterization or description

that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 90 of the Second Amended Complaint.

91.    The allegations in the first, third, fourth, and fifth sentences of Paragraph 91 of the Second Amended Complaint are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.  AT&T denies the allegations in the second sentence of Paragraph 91.  AT&T notes that the sixth sentence of Paragraph 91 purports to characterize and quote from an article on AT&T's website.  That website speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 91 of the Second Amended Complaint.

92.    AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and fourth sentences of Paragraph 92 of the Second Amended Complaint, and on that basis denies the same.  AT&T denies the remaining allegation in Paragraph 92.

93.    AT&T denies the allegations of Paragraph 93 of the Second Amended Complaint.

**F.    Response to Allegations Styled "The January 7, 2018 Sim Swap Fraud"**

94.    AT&T admits that, on or about January 7, 2018, Mr. Terpin's number was changed to a new SIM card.  AT&T denies the remaining allegations in Paragraph 94 of the Second Amended Complaint.

95.    AT&T admits that, on or about January 7, 2018, Mr. Terpin's number was changed to a new SIM card.  AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the second, fourth, and fifth sentences of Paragraph 95 of the Second Amended Complaint, and on that basis denies the same.  AT&T denies the remaining allegations in Paragraph 95 of the Second Amended Complaint.

96.    AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 96 of the Second Amended Complaint, and on that basis denies the same.

97.    AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 97 of the Second Amended Complaint, and on that basis denies the same.

98.    AT&T denies the allegations in Paragraph 98 of the Second Amended Complaint.

99.    AT&T denies the allegations in Paragraph 99 of the Second Amended Complaint.

100.     AT&T denies the allegations in Paragraph 100 of the Second Amended Complaint.

101.     AT&T denies the allegations in Paragraph 101 of the Second Amended Complaint.

102.     AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Second Amended Complaint, and, on that basis, it denies them.

103.     AT&T denies that any AT&T employee engaged in the alleged conduct and denies any remaining allegations in Paragraph 103 of the Second Amended Complaint.

**G.     Response to Allegations Styled "Mr. Terpin's Special Relationship With AT&T"**

104.     The allegations in the first three sentences of Paragraph 104 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in the first three sentence of Paragraph 104.  AT&T admits that it provides wireless telecommunication products and services.  The remaining allegations of the last sentence of Paragraph 104 are too vague for AT&T to form a belief as to the truth of those allegations and, on that basis, AT&T denies them. Except as expressly admitted, AT&T denies the allegations in Paragraph 104 of the Second Amended Complaint.

105.     The allegations in Paragraph 105 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 105 of the Second Amended Complaint.

106.     The allegations in Paragraph 106 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies allegations in Paragraph 106 of the Second Amended Complaint.

107.      AT&T lacks knowledge or information sufficient for form a belief as to the truth of the allegations in Paragraph 107 of the Second Amended Complaint, and on that basis denies them.

108.     The allegations in Paragraph 108 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 108 of the Second Amended Complaint.

109.     The allegations in Paragraph 109 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 109 of the Second Amended Complaint.

Gibson, Dunn &
Crutcher LLP

110.     The allegations in Paragraph 110 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 110 of the Second Amended Complaint.

### V. Response to Allegations for "Claims for Relief"

**A.     First Claim For Relief – Declaratory Relief:  Unenforceability of AT&T Consumer Agreement as Unconscionable and Contrary to Public Policy**

111.     AT&T admits that Mr. Terpin purports to bring a claim for declaratory relief under 28 U.S.C. § 2201.  AT&T denies that Mr. Terpin is entitled to this or any other relief.  AT&T denies any remaining allegations in Paragraph 111 of the Second Amended Complaint.

112.     AT&T denies the allegations in the first sentence of Paragraph 112 of the Second Amended Complaint.  AT&T lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 112, and, on that basis, it denies them.

113.     AT&T admits that it uses a standard Wireless Customer Agreement for many of its customers.  Except as expressly admitted, AT&T denies the allegations in Paragraph 113 of the Second Amended Complaint.

114.     AT&T admits that it uses a standard Wireless Customer Agreement for many of its customers.  AT&T admits that Exhibit D appears to be a copy of the Wireless Customer Agreement V03022017.  That Agreement speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  The allegations in the third sentence of Paragraph 114 of the Second Amended Complaint contains legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in the third sentence of Paragraph 114 of the Second Amended Complaint.  AT&T denies any remaining allegations in Paragraph 114 of the Second Amended Complaint.

115.     Paragraph 115 of the Second Amended Complaint purports to characterize and quote from the Wireless Customer Agreement.  That agreement speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies the remaining allegations in Paragraph 115 of the Second Amended Complaint.

Gibson, Dunn & Crutcher LLP

116.     Paragraph 116 of the Second Amended Complaint contains legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 116 of the Second Amended Complaint.

117.     Paragraph 117 of the Second Amended Complaint purports to characterize the Wireless Customer Agreement.  That agreement speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  The allegations in Paragraph 117 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 117 of the Second Amended Complaint.

118.     AT&T notes that Paragraph 118 of the Second Amended Complaint purports to characterize and quote from the Agreement.  That agreement speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  The allegations in Paragraph 118 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the remaining allegations in Paragraph 118 of the Second Amended Complaint.

119.     The allegations in Paragraph 119 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T notes that Paragraph 119 purports to quote from and characterize the Wireless Customer Agreement.  That agreement speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T further denies that the Agreement is unenforceable, against public policy, or otherwise unlawful.  AT&T further denies that it violated any statutory duties or promises or engaged in any other conduct relative to Mr. Terpin that was unlawful or caused him harm.

120.     AT&T notes that Paragraph 120 of the Second Amended Complaint purports to characterize and quote from the Agreement.  That agreement speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.

121.     AT&T notes that Paragraph 121 of the Second Amended Complaint purports to characterize and quote from the Agreement.  That agreement speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  The allegations in Paragraph 121 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies that

the Damages Restriction is void under Cal. Civ. Code § 1668 or § 1670.5 or under any other law or policy.

122.    AT&T notes that Paragraph 122 of the Second Amended Complaint purports to characterize and quote from the Agreement.  That agreement speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  The allegations in Paragraph 122 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies that the Exculpatory Provision is invalid under Civil Code § 1670.5 or under any other law or policy.

123.    The allegations in Paragraph 123 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 123 of the Second Amended Complaint.

124.    The allegations in Paragraph 124 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 124 of the Second Amended Complaint.

125.    AT&T notes that Paragraph 125 of the Second Amended Complaint purports to characterize and quote from the Agreement.  That agreement speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  The first sentence of Paragraph 125 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies that the Agreement is unenforceable for the reason stated or any other reason.

126.    AT&T notes that Paragraph 126 of the Second Amended Complaint purports to characterize and quote from the Agreement.  That agreement speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  Paragraph 125 contains legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies that the Indemnity or the Agreement is a contract of adhesion or that it is unconscionable or unenforceable for the reason stated or any other reason.

127.    The allegations in Paragraph 127 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 127 of the Second Amended Complaint.

Gibson, Dunn &
Crutcher LLP

128.     AT&T notes that Paragraph 128 of the Second Amended Complaint purports to characterize from the Agreement.   That agreement speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  The allegations in Paragraph 128 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies that the Arbitration Provision or the Agreement is unenforceable for the reason stated or any other reason.

129.     The allegations in Paragraph 129 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies that any defense raised by Mr. Terpin provides a basis to find the Agreement unenforceable, void, or unlawful and denies that the defenses described in Paragraph 129 apply to the Agreement.

130.     The allegations in Paragraph 130 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies that there is an actionable and justiciable controversy between Mr. Terpin and AT&T with respect to the enforceability of the Agreement and denies that the Agreement is unconscionable or void against public policy for the reason stated in Paragraph 130 or any other reason.

131.     The allegations in Paragraph 131 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies the allegations in Paragraph 131 of the Second Amended Complaint.

132.     AT&T admits that Plaintiff purports to seek the relief described in Paragraph 132 of the Second Amended Complaint.  AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 132 of the Second Amended Complaint.

**B.     Second Claim for Relief – Unauthorized Disclosure of Customer Confidential Proprietary Information and Proprietary Network Information, Federal Communications Act, 47 U.S.C. §§ 206, 222**

133.     AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 132 above as though fully set forth herein.

134.     The allegations in Paragraph 134 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T admits that it is subject to regulation under the Federal Communications Act ("FCA").  The FCA speaks for itself, and AT&T denies any characterization or

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 2:18-CV-6975 (ODW)

Gibson, Dunn &
Crutcher LLP

description that is inconsistent therewith.  AT&T denies the remaining allegations in Paragraph 134 of the Second Amended Complaint.

135.    Paragraph 135 of the Second Amended Complaint purports to quote from the FCA. That law speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies the remaining allegations in Paragraph 135 of the Second Amended Complaint.

136.    Paragraph 136 of the Second Amended Complaint purports to quote from the FCA. That law speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 136 of the Second Amended Complaint.

137.    Paragraph 137 of the Second Amended Complaint purports to quote from the FCA. That law speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  AT&T denies any remaining allegations in Paragraph 137 of the Second Amended Complaint.

138.    AT&T denies the allegations in Paragraph 138 of the Second Amended Complaint.

139.    AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 139, and, on that basis, it denies them.  AT&T denies the remaining allegations in Paragraph 139 of the Second Amended Complaint.

140.    The second sentence of Paragraph 140 of the Second Amended Complaint contains legal conclusions that require no answer.  To the extent an answer is required, AT&T repeats and reincorporates by reference each and every denial, admission, and averment set forth in the cited paragraphs of the Second Amended Complaint as though fully set forth herein, and denies the allegations in the second sentence of paragraph 140 of the Second Amended Complaint.  AT&T denies the remaining allegations in Paragraph 140 of the Second Amended Complaint.

141.    The allegations in Paragraph 141 contain legal conclusions that require no answer.  To the extent that an answer is required, AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 141 of the Second Amended Complaint.

**C.      Third Claim for Relief – Deceit by Concealment, Cal. Civ. Code § § 1709, 1710**

142.   Because the Court dismissed Claim 3, no response is required to Paragraph 142 of the Second Amended Complaint.  To the extent a response is required, AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 141 above as though fully set forth herein.

143.   Because the Court dismissed Claim 3, no response is required to Paragraph 143 of the Second Amended Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 143 of the Second Amended Complaint.

144.   Because the Court dismissed Claim 3, no response is required to Paragraph 144 of the Second Amended Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 144 of the Second Amended Complaint.

145.   Because the Court dismissed Count 3, no response is required to Paragraph 145 of the Second Amended Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 145 of the Second Amended Complaint.

146.   Because the Court dismissed Count 3, no response is required to Paragraph 146 of the Second Amended Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 146 of the Second Amended Complaint.

147.   Because the Court dismissed Count 3, no response is required to Paragraph 147 of the Second Amended Complaint.  To the extent a response is required, AT&T notes that Paragraph 147 of the Second Amended Complaint purports to quote from and characterize AT&T's Privacy Policy.  That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith.  To the extent a response is required, AT&T denies the remaining allegations in Paragraph 147 of the Second Amended Complaint.

148.   Because the Court dismissed Count 3, no response is required to Paragraph 148 of the Second Amended Complaint.  To the extent a response is required, AT&T states that the allegations of Paragraph 148 are too vague for AT&T to form a belief as to the truth of those allegations and, on that basis, AT&T denies them.  AT&T further denies that any AT&T employee was involved in the alleged

SIM swap.   AT&T denies any remaining allegations in Paragraph 148 of the Second Amended Complaint.

149.    Because the Court dismissed Count 3, no response is required to Paragraph 149 of the Second Amended Complaint.   To the extent a response is required, AT&T denies the allegations in Paragraph 149 of the Second Amended Complaint.

150.    Because the Court dismissed Count 3, no response is required to Paragraph 150 of the Second Amended Complaint.   To the extent a response is required, AT&T denies the allegations in Paragraph 150 of the Second Amended Complaint.

151.    Because the Court dismissed Count 3, no response is required to Paragraph 151 of the Second Amended Complaint.   To the extent a response is required, AT&T denies the allegations in Paragraph 151 of the Second Amended Complaint.

152.    Because the Court dismissed Count 3, no response is required to Paragraph 152 of the Second Amended Complaint.   To the extent a response is required, AT&T denies the allegations in Paragraph 152 of the Second Amended Complaint.

153.    Because the Court dismissed Count 3, no response is required to Paragraph 153 of the Second Amended Complaint.   To the extent a response is required, AT&T denies the allegations in Paragraph 153 of the Second Amended Complaint.

154.    Because the Court dismissed Count 3, no response is required to Paragraph 154 of the Second Amended Complaint.   To the extent a response is required, AT&T denies the allegations in Paragraph 154 of the Second Amended Complaint.

155.    Because the Court dismissed Count 3, no response is required to Paragraph 155 of the Second Amended Complaint.   Moreover, the second sentence of Paragraph 155 of the Second Amended Complaint contains legal conclusions that require no answer.   To the extent an answer is required, AT&T repeats and reincorporates by reference each and every denial, admission, and averment set forth in the cited paragraphs of the Second Amended Complaint as though fully set forth herein.  Further, AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 155 and, on that basis, AT&T denies them.  AT&T denies the remaining allegations in Paragraph 155 of the Second Amended Complaint.

156.    Because the Court dismissed Count 3, no response is required to Paragraph 156 of the Second Amended Complaint.  To the extent a response is required, AT&T admits that Plaintiff purports to seek the relief described in Paragraph 156 of the Second Amended Complaint.  AT&T denies that Plaintiff is entitled to any relief whatsoever and denies any remaining allegations in Paragraph 156 of the Second Amended Complaint.

**D.    Fourth Claim for Relief – Misrepresentation**

157.    Because the Court dismissed Claim 4, no response is required to Paragraph 157 of the Second Amended Complaint.  To the extent a response is required, AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 156 above as though fully set forth herein.

158.    Because the Court dismissed Claim 4, no response is required to Paragraph 158 of the Second Amended Complaint.  Moreover, Paragraph 158 contains legal conclusions to which no response is required.  To the extent a response is required, AT&T repeats and reincorporates by reference each and every denial, admission, and averment set forth in the cited paragraphs of the Second Amended Complaint as though fully set forth herein, and denies the allegations in Paragraph 158 of the Second Amended Complaint.

159.    Because the Court dismissed Claim 4, no response is required to Paragraph 159 of the Second Amended Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 159 of the Second Amended Complaint.

160.    Because the Court dismissed Claim 4, no response is required to Paragraph 160 of the Second Amended Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 160 of the Second Amended Complaint.

161.    Because the Court dismissed Claim 4, no response is required to Paragraph 161 of the Second Amended Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 161 of the Second Amended Complaint.

162.    Because the Court dismissed Claim 4, no response is required to Paragraph 162 of the Second Amended Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 162 of the Second Amended Complaint.

163.    Because the Court dismissed Claim 4, no response is required to Paragraph 163 of the Second Amended Complaint.  Moreover, the second sentence of Paragraph 163 of the Second Amended Complaint contains legal conclusions that require no answer.  To the extent an answer is required, AT&T repeats and reincorporates by reference each and every denial, admission, and averment set forth in the cited paragraphs of the Second Amended Complaint as though fully set forth herein, and denies any remaining allegations in Paragraph 163 of the Second Amended Complaint.

164.    Because the Court dismissed Count 4, no response is required to Paragraph 164 of the Second Amended Complaint.  To the extent a response is required, AT&T admits that Plaintiff purports to seek the relief described in Paragraph 164 of the Second Amended Complaint.  AT&T denies that Plaintiff is entitled to any relief whatsoever and denies any remaining allegations in Paragraph 164 of the Second Amended Complaint.

165.    Because the Court dismissed Count 4, no response is required to Paragraph 165 of the Second Amended Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 165 of the Second Amended Complaint.

**E.      Fifth Claim for Relief – Negligence**

166.    AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 165 above as though fully set forth herein.

167.    Paragraph 167 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T repeats and reincorporates by reference each and every denial, admission, and averment set forth in the cited paragraphs of the Second Amended Complaint as though fully set forth herein, and denies the allegations in Paragraph 167 of the Second Amended Complaint.

168.    Paragraph 168 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph 168 of the Second Amended Complaint.

169.    The allegations in the first sentence of Paragraph 169 are too vague for AT&T to form a belief as to the truth of those allegations and, on that basis, AT&T denies them.  AT&T's Privacy Policy and website speak for themselves, and AT&T denies any characterization or description that is

1    inconsistent therewith.   AT&T denies the remaining allegations in Paragraph 169 of the Second

2    Amended Complaint.

3         170.   The first sentence of Paragraph 170 of the Second Amended Complaint contains legal

4    conclusions to which no response is required.   To the extent a response is required, AT&T denies the

5    allegations in the first sentence of Paragraph 170 of the Second Amended Complaint.   AT&T lacks

6    knowledge or information sufficient to form a belief as to the truth of the allegations in the second

7    sentence of Paragraph 170, and on that basis denies them.   AT&T denies the remaining allegations of

8    Paragraph 170 of the Second Amended Complaint.

9         171.   Paragraph 171 of the Second Amended Complaint contains legal conclusions to which

10   no response is required.   To the extent a response is required, AT&T denies the allegations in Paragraph

11   171 of the Second Amended Complaint.

12        172.   Paragraph 172 of the Second Amended Complaint contains legal conclusions to which

13   no response is required.   To the extent a response is required, AT&T denies the allegations in Paragraph

14   172 of the Second Amended Complaint.

15        173.   Paragraph 173 of the Second Amended Complaint contains legal conclusions to which

16   no response is required.   To the extent a response is required, AT&T repeats and reincorporates by

17   reference each and every denial, admission, and averment set forth in the cited paragraphs of the Second

18   Amended Complaint as though fully set forth herein, and AT&T denies the remaining allegations in

19   Paragraph 173 of the Second Amended Complaint.

20        174.   Paragraph 174 of the Second Amended Complaint contains legal conclusions to which

21   no response is required.   To the extent a response is required, AT&T denies the allegations in Paragraph

22   174 of the Second Amended Complaint.

23        175.   Because the Court dismissed Mr. Terpin's request for punitive damages, no response is

24   required to Paragraph 175 of the Second Amended Complaint.   To the extent a response is required,

25   AT&T denies that Mr. Terpin is entitled to any relief whatsoever and denies the allegations in

26   Paragraph 175 of the Second Amended Complaint.

27

28

176.     Because the Court dismissed Mr. Terpin's request for punitive damages, no response is required to Paragraph 176 of the Second Amended Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 176 of the Second Amended Complaint.

**F.     Sixth Claim for Relief – Negligent Supervision and Training**

177.     AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 176 above as though fully set forth herein.

178.     Paragraph 178 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T repeats and reincorporates by reference each and every denial, admission, and averment set forth in the cited paragraphs of the Second Amended Complaint as though fully set forth herein, and AT&T denies the allegations in Paragraph 178 of the Second Amended Complaint.

179.     Paragraph 179 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph 179 of the Second Amended Complaint.

180.     AT&T denies the allegations in Paragraph 180 of the Second Amended Complaint.

181.     The allegations in the first sentence of Paragraph 181 are too vague for AT&T to form a belief as to the truth of those allegations and, on that basis, AT&T denies them.  AT&T denies the remaining allegations in Paragraph 181 of the Second Amended Complaint.

182.     AT&T notes that Paragraph 182 of the Second Amended Complaint purports to characterize AT&T's COBC and a Consent Decree entered into by the FCC and AT&T Services, Inc., which is not a party to this case.  Those documents speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith.  The first and third sentences of Paragraph 182 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, AT&T denies the allegations in the first and third sentences of Paragraph 182 of the Second Amended Complaint.  AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 182, and, on that basis, it denies them.  AT&T denies the remaining allegations of Paragraph 182 of the Second Amended Complaint.

Gibson, Dunn &
Crutcher LLP

183.     The first sentence of Paragraph 183 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T denies the allegations in the first sentence of Paragraph 183 of the Second Amended Complaint.  AT&T denies the remaining allegations in Paragraph 183 of the Second Amended Complaint.

184.     AT&T denies the allegations in Paragraph 184 of the Second Amended Complaint.

185.     Paragraph 185 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph 185 of the Second Amended Complaint.

186.     Paragraph 186 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph 186 of the Second Amended Complaint.

187.     Paragraph 187 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T repeats and reincorporates by reference each and every denial, admission, and averment set forth in the cited paragraphs of the Second Amended Complaint as though fully set forth herein, and AT&T denies the allegations in Paragraph 187 of the Second Amended Complaint.

188.     Paragraph 188 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph 188 of the Second Amended Complaint.

189.     Because the Court dismissed Mr. Terpin's request for punitive damages, no response is required to Paragraph 189 of the Second Amended Complaint.  To the extent a response is required, AT&T denies that Mr. Terpin is entitled to any relief whatsoever and denies the allegations in Paragraph 189 of the Second Amended Complaint.

190.     Because the Court dismissed Mr. Terpin's request for punitive damages, no response is required to Paragraph 190 of the Second Amended Complaint.  To the extent a response is required, AT&T denies the allegations in Paragraph 190 of the Second Amended Complaint.

**G.     Seventh Claim for Relief – Negligent Hiring**

191.    AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 190 above as though fully set forth herein.

192.    Paragraph 192 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T repeats and reincorporates by reference each and every denial, admission, and averment set forth in the cited paragraphs of the Second Amended Complaint as though fully set forth herein, and AT&T denies the allegations in Paragraph 192 of the Second Amended Complaint.

193.    Paragraph 193 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph 193 of the Second Amended Complaint.

194.    The allegations in the first sentence of Paragraph 194 are too vague for AT&T to form a belief as to the truth of those allegations and, on that basis, AT&T denies them.  AT&T denies the remaining allegations in Paragraph 194 of the Second Amended Complaint.

195.    AT&T notes that Paragraph 195 of the Second Amended Complaint purports to characterize AT&T's COBC and a Consent Decree entered into by FCC and AT&T Services, Inc., which is not a party to this case.  Those documents speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith.  The first and fourth sentences of Paragraph 195 of the Second Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, AT&T denies the allegations in the first and fourth sentences of Paragraph 195 of the Second Amended Complaint.  AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 195, and, on that basis, it denies them.  AT&T denies the remaining allegations of Paragraph 195 of the Second Amended Complaint.

196.    The first and second sentences of Paragraph 196 of the Second Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, AT&T denies the allegations in the first and second sentences of Paragraph 196 of the Second Amended Complaint.  AT&T lacks knowledge or information sufficient to form a belief regarding the truth of

1  the allegations in the last sentence of the Second Amended Complaint and, on that basis, AT&T denies

2  them.  AT&T denies the remaining allegations in Paragraph 196 of the Second Amended Complaint.

3      197.    AT&T denies the allegations in Paragraph 197 of the Second Amended Complaint.

4      198.    Paragraph 198 of the Second Amended Complaint contains legal conclusions to which

5  no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph

6  198 of the Second Amended Complaint.

7      199.    Paragraph 199 of the Second Amended Complaint contains legal conclusions to which

8  no response is required.  To the extent a response is required, AT&T denies the allegations in Paragraph

9  199 of the Second Amended Complaint.

10      200.    AT&T admits that a Spring Communications Inc.-affiliated individual named Jahmil

11  Smith accessed Mr. Terpin's account on January 7, 2018, and completed a SIM swap.  AT&T denies

12  that Mr. Smith was an employee or agent of AT&T.  AT&T lacks knowledge or information sufficient

13  to form a belief regarding the truth of the allegations in the second sentence of Paragraph 200 of the

14  Second Amended Complaint and, on that basis, it denies them.  AT&T denies the remaining allegations

15  in Paragraph 200 of the Second Amended Complaint.

16      201.    Paragraph 201 of the Second Amended Complaint contains legal conclusions to which

17  no response is required.  To the extent a response is required, AT&T repeats and reincorporates by

18  reference each and every denial, admission, and averment set forth in the cited paragraphs of the Second

19  Amended Complaint as though fully set forth herein, and AT&T denies the remaining allegations in

20  Paragraph 201 of the Second Amended Complaint.

21      202.    The first sentence of Paragraph 202 of the Second Amended Complaint contains legal

22  conclusions to which no response is required.  To the extent a response is required, AT&T denies the

23  allegations in the first sentence of Paragraph 202 of the Second Amended Complaint.  AT&T denies

24  the remaining allegations in Paragraph 202 of the Second Amended Complaint.

25      203.    Because the Court dismissed Mr. Terpin's request for punitive damages, no response is

26  required to Paragraph 203 of the Second Amended Complaint.  To the extent a response is required,

27  AT&T denies that Mr. Terpin is entitled to any relief whatsoever and denies the allegations in

28  Paragraph 203 of the Second Amended Complaint.

204.    Because the Court dismissed Mr. Terpin's request for punitive damages, no response is required to Paragraph 204 of the Second Amended Complaint. To the extent a response is required, AT&T denies the allegations in Paragraph 204 of the Second Amended Complaint.

**H.    Eighth Claim for Relief – Breach of Contract – Privacy Policy**

205.    AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth in Paragraphs 1 through 204 above as though fully set forth herein.

206.    Paragraph 206 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, AT&T denies the allegations in Paragraph 206 of the Second Amended Complaint.

207.    Paragraph 207 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, AT&T notes that Paragraph 207 purports to characterize and quote from AT&T's Privacy Policy. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 207 of the Second Amended Complaint.

208.    Paragraph 208 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, AT&T notes that Paragraph 208 purports to characterize and quote from AT&T's COBC. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 208 of the Second Amended Complaint.

209.    Paragraph 209 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, AT&T denies the allegations in Paragraph 209 of the Second Amended Complaint.

210.    Paragraph 210 of the Second Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, AT&T denies the allegations in Paragraph 210 of the Second Amended Complaint.

211.    The cases and statutory sections cited in the Second Amended Complaint speak for themselves, and AT&T denies any description or characterization inconsistent therewith. Paragraph 211 of the Second Amended Complaint contains legal conclusions to which no response is required.

To the extent a response is required, AT&T repeats and reincorporates by reference each and every denial, admission, and averment set forth in the cited paragraphs of the Second Amended Complaint as though fully set forth herein, and AT&T denies the remaining allegations in Paragraph 211 of the Second Amended Complaint.[1]

### VI. Response to Allegations Styled "Prayer for Relief"

212.   AT&T denies that Plaintiff is entitled to any relief, legal or equitable, from AT&T or this Court, as requested in the Second Amended Complaint or otherwise.  AT&T further notes that the Court has dismissed Plaintiff's request for punitive damages.

### VII. Response to Allegations Styled "Demand for Jury Trial"

Answering the unnumbered Demand for Jury Trial, AT&T admits that Plaintiff purports to demand a jury trial in this action of all issues so triable.

### VIII. SEPARATE AND ADDITIONAL DEFENSES

By alleging the Separate and Additional Defenses set forth below, AT&T does not assume any burden of proof that would otherwise rest with Plaintiff.  Nor does AT&T intend any alteration of the burden of proof and/or burden of going forward with evidence that exists with respect to any of Plaintiff's claims.  Further, all such defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever.  Finally, all defenses pleaded below are based on AT&T's limited understanding of the claims being asserted by Plaintiff and AT&T's limited investigation to date.  AT&T reserves the right to assert additional affirmative defenses after they are ascertained.

---

[1]   An unnumbered paragraph appears at the top of p. 70 of the Second Amended Complaint, immediately after Paragraph 211.  It is not clear whether this unnumbered paragraph is a part of Paragraph 211.  To the extent this unnumbered paragraph is separate from Paragraph 211, AT&T denies the allegations in this unnumbered paragraph.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent it fails to allege facts sufficient to state a claim against AT&T.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff is seeking relief occurring outside any applicable statutes of limitation.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (No Breach)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part because AT&T did not breach any agreement.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Care)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred because AT&T exercised reasonable care to prevent and correct any alleged unlawful conduct.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Contract Limitations)

The Second Amended Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages or Plaintiff's requested remedies are precluded or, alternatively, limited by the terms of the contract between AT&T and Plaintiff.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Proximate Causation)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred because the harm alleged by Plaintiff, if any, was not proximately caused by any unlawful policy, custom, practice, act, omission, and/or procedure promulgated and/or tolerated by AT&T.

Gibson, Dunn &
Crutcher LLP

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Cause in Fact)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred because the harms alleged by Plaintiff, if any, were not caused in fact by AT&T.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Proximate Causation)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred because Plaintiff has not plausibly alleged, and cannot prove, that AT&T proximately caused any of Plaintiff's alleged injuries.  The harm Plaintiff allegedly suffered, if any, was caused by superseding and intervening causes including factors, persons, or entities other than AT&T.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Laches)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred by the doctrine of laches.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred by the doctrine of unclean hands.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff is estopped by his own conduct from recovering any relief.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff waived or released any right to recover any relief.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Damages)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent Plaintiff suffered no damages.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate Damages)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent Plaintiff failed to mitigate his own damages or reasonably try to mitigate his own damages, if any.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Standing)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent that Plaintiff lacks standing to bring some or all of the alleged causes of action against AT&T set forth in the Second Amended Complaint.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Assumption of Risk)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff had actual knowledge of the risk involved with his security and investment practices and voluntarily assumed that risk.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Comparative Fault)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part by Plaintiff's own negligence, carelessness, recklessness, or willful misconduct, or the intervening negligence, recklessness, or willful misconduct of third parties, for which AT&T is not liable.  By reason thereof, Plaintiff's damages, if any, as against AT&T, must be reduced by the proportion of fault attributable to such other parties.

1

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

2

### (Economic Loss Doctrine)

3          The Second Amended Complaint, and each purported cause of action asserted against AT&T,

4    is barred in whole or in part to the extent that it is precluded or limited by the economic loss doctrine.

5

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

6

### (Offset)

7          The damages sought by the Second Amended Complaint are barred, in whole or in part, to the

8    extent that Plaintiff has received any credits, payments, or benefits arising out of or related to the claims

9    asserted in the Second Amended Complaint.  Alternatively, Plaintiff's recovery, if any, should be offset

10   by any credits, payments, or benefits, of any type or character, received by Plaintiff.

11

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

12

### (Failure to Exhaust Internal and/or Administrative Remedies)

13         The Second Amended Complaint, and each purported cause of action asserted against AT&T,

14   is barred to the extent Plaintiff failed to properly exhaust all of his internal, contractual, administrative,

15   and/or statutorily required remedies, and such failure bars this suit in whole or in part and/or limits

16   Plaintiff's claims and/or Plaintiff's recovery.

17

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

18

### (Conduct Not Willful)

19         The Second Amended Complaint, and each purported cause of action asserted against AT&T,

20   is barred because, at all material times, AT&T and its agents acted without malice and acted reasonably

21   and with a good faith belief in the lawfulness of their conduct based on all relevant facts and

22   circumstances known by them at the time they so acted.  The Second Amended Complaint, and each

23   purported cause of action asserted against AT&T, is further barred because Plaintiff cannot establish

24   "willful or knowing" conduct, as required under some or all of Plaintiff's causes of action.

25

26

27

28

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
CASE NO. 2:18-CV-6975 (ODW)

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Accord and Satisfaction)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred by the doctrine of accord and satisfaction.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Compliance with Law)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part, on the grounds that AT&T complied or substantially complied with all applicable laws underlying the Second Amended Complaint, or took reasonable efforts to comply with all applicable laws.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Unjust Enrichment)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent it constitutes unjust enrichment or duplicative relief of amounts seeking more than a single recovery.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Not Entitled to Equitable Relief)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred because Plaintiff has adequate remedies at law and will not suffer imminent and irreparable injury or harm as a result of any action or conduct by AT&T.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Damages Speculative)

Plaintiff is barred from relief because the Second Amended Complaint, and each purported cause of action asserted therein, is barred in whole or in part because, even if Plaintiff's allegations were true, which AT&T denies, the damages alleged by Plaintiff in the Second Amended Complaint are too speculative to give rise to any of the causes of action alleged, or to permit any recovery sought, by Plaintiff in the Second Amended Complaint.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No CPNI)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent Plaintiff failed to identify that AT&T disclosed, or failed to safeguard, customer proprietary network information (CPNI) or any other statutorily defined confidential information.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Misrepresentation or Reliance)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent Plaintiff has not plausibly alleged any false or negligent misrepresentations by AT&T, or justifiable reliance by Plaintiff.

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Ratification)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff ratified AT&T's actions.

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Avoidable Consequences)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred pursuant to the avoidable consequences doctrine.  If the avoidable consequences doctrine does not completely bar the Second Amended Complaint, and each purported cause of action asserted against AT&T, then any recovery by Plaintiff for allegedly stolen funds must be offset or reduced to the extent to which the avoidable consequences doctrine applies to some or all of Plaintiff's claims in the Second Amended Complaint.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Consent)

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff consented to or voluntarily participated in any alleged activity or conduct.

Gibson, Dunn &
Crutcher LLP

**THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Acting Outside the Scope of Employment)**

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred insofar as, if any manager, supervisor, agent, employee, or independent contractor of AT&T authorized, required, or requested that a SIM swap occur illegally, or took any other impermissible action (which AT&T denies), such manager, supervisor, agent, employee, or independent contractor acted outside the scope of his or her employment with AT&T and/or AT&T lacked sufficient authority to control the actions of such manager, supervisor, agent, employee, or independent contractor.

**THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Preemption)**

Plaintiff is barred from litigating his claims, in whole or in part, in this court to the extent that any federal legislation preempts conflicting state law.

**THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Release)**

The Second Amended Complaint, and each purported cause of action asserted against AT&T, is barred to the extent it has been released.

**THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Unauthorized Access)**

The Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, is barred because AT&T did not access any computer without authorization or exceed authorized access to any computer.

**THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Attorneys' Fees)**

Plaintiff's request for attorneys' fees is barred because the Second Amended Complaint fails to allege facts or any basis sufficient to support an award of attorneys' fees.

## THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages)

To the extent the Court later allows a request for punitive damages, Plaintiff is barred from relief because the Second Amended Complaint, and each purported cause of action against AT&T, fails to allege facts sufficient to allow recovery of punitive or exemplary damages from AT&T. Punitive damages are also barred to the extent they are unconstitutional.

## THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages - Due Process)

To the extent the Court later allows a request for punitive damages, the imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because, as applied to this case, the standards of liability for punitive damages in California are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages - Due Process)

To the extent the Court later allows a request for punitive damages, the imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because, as applied to this case, the California standards for determining the amount of the award are unduly vague and subjective, lack sufficient procedural safeguards, and permit arbitrary, capricious, excessive, and disproportionate punishment that serves no legitimate governmental interest.

## FORTIETH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive and Exemplary Damages)

To the extent the Court later allows a request for punitive damages, the penalties, fines, and punitive and exemplary damages sought are unconstitutional and excessive under California law and the United States Constitution, including without limitation under the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, and the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

Gibson, Dunn &
Crutcher LLP

**FORTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(No Punitive Damages - Due Process)**

To the extent the Court later allows a request for punitive damages, the imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because California post-verdict standards for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

**FORTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(No Punitive Damages - Due Process)**

To the extent the Court later allows a request for punitive damages, the imposition of punitive damages in this case based on the out-of-state conduct, profits, aggregate wealth or financial status of AT&T would violate the Commerce Clause, the Due Process clause of the Fifth Amendment to the United States Constitution, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

**FORTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(No Punitive Damages - Due Process)**

To the extent the Court later allows a request for punitive damages, the imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Plaintiff would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

**RESERVATION OF RIGHTS**

AT&T has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available.   AT&T has not knowingly or intentionally waived any applicable separate and additional or affirmative defenses and reserves the right to raise additional separate and additional or affirmative defenses as they become known to it through discovery in this matter.   AT&T further reserves the right to amend its answer and/or its separate and additional or affirmative defenses accordingly and/or to delete separate and additional or affirmative defenses that it determines are not applicable during the course of subsequent discovery.

Gibson, Dunn &
Crutcher LLP

## **PRAYER FOR RELIEF**

WHEREFORE, AT&T prays for judgment as follows:

1.      That Plaintiff take nothing by the Second Amended Complaint;

2.      That the Second Amended Complaint be dismissed in its entirety and with prejudice;

3.      For judgment to be entered favor of AT&T and against Plaintiff on all claims contained in the Second Amended Complaint;

4.      For costs of suit herein and attorneys' fees as permitted by law; and

5.      For such other and further relief as the Court may deem proper and just.

Dated:  September 22, 2020

MARCELLUS MCRAE
ASHLEY E. JOHNSON
GIBSON, DUNN & CRUTCHER LLP


By:   /s/ *Marcellus McRae*
        Marcellus McRae
        Ashley E. Johnson

Attorneys for Defendant AT&T MOBILITY, LLC

104071317.8