PIERCE O'DONNELL (SBN 081298)
PODonnell@GreenbergGlusker.com
TIMOTHY J. TOOHEY (SBN 140117)
TToohey@GreenbergGlusker.com
PAUL BLECHNER (SBN159514)
PBlechner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067-4590
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Plaintiff
MICHAEL TERPIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL TERPIN,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY, LLC; and DOES 1-25,<br><br>Defendants. | Case No.  2:18-cv-06975-ODW-KS<br><br>**REPORT OF CONFERENCE OF THE PARTIES PURSUANT TO FED. R. CIV. PROC. 26(f)**<br><br>**SCHEDULING CONFERENCE**<br><br>**Date:** January 11, 2021, 1:30 p.m.<br>**Place**:  350 West 1st Street, 5th Floor, Courtroom 5D, Los Angeles, California 90012<br>**Judge**: Honorable Otis D. Wright II |

Pursuant to Fed. R. Civ. Proc. 26(f), Local Civil Rule 26-1, the Court's Scheduling Meeting of Counsel Order, and the Court's Scheduling and Case Management Order for Jury Trials, Plaintiff Michael Terpin ("Plaintiff" or "Mr. Terpin") and Defendant AT&T Mobility, LLC ("Defendant" or "AT&T") submit the following report of the conference that they conducted on October 19, 2020.

**I. Matters Discussed Under Rule 26(f)**

    A.  Rule 26(a) Disclosures.

By agreement, the parties already exchanged their respective Rule 26(a) disclosures on November 2, 2020, subject to the production of materials marked confidential which will be made upon entry by the Court of a stipulated protective order.

    B.  Subjects of Discovery.

The parties will conduct discovery on Plaintiff's claims in its Second Amended Complaint for (1) Declaratory Relief; (2) Unauthorized Disclosure of Customer Confidential Proprietary Information and Proprietary Network Information, Federal Communications Act, 47 U.S.C. §§ 206, 222; (3) Negligence; (4) Negligent Supervision and Training; (5) Negligent Hiring; and (6) Breach of Contract—AT&T Privacy Policy and in regard to Defendant's Affirmative Defenses as set forth in its Answer to the Second Amended Complaint.

The proposed discovery cut off, which complies with the Court's Scheduling and Case Management Order for Jury Trials ("Scheduling and Case Management Order"), is set forth below in Section IV. The parties do not propose that the discovery be conducted in phases or limited or focused to particular issues.

C. <u>Changes to Limitations on Discovery</u>.

Subject to each party's right to apply to the Court to grant further discovery in the event that the parties do not stipulate, the parties propose the following changes to the limitations on discovery under the Federal Rules of Civil Procedure and the Local Rules of this Court:

1. Each party is entitled to pose no more than 35 interrogatories to the other party.

Plaintiff contends that each party should be permitted to take 15 depositions. Defendant contends that the ordinary limit of 10 depositions is sufficient. The parties agree to further confer on the necessity of expanding the deposition limit as the case proceeds.

D. <u>Issues Regarding Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which It Should Be Produced</u>.

The parties do not currently anticipate any issues regarding disclosure, discovery, or preservation of electronically stored information.

E. <u>Additional Orders</u>.

The parties will prepare and submit for the Court's approval a protective order governing the production of confidential information. AT&T prepared and circulated a draft of that protective order on November 20, 2020. The parties' proposals regarding the Court's Scheduling Order for this matter, including the date of the pretrial conference, are set forth below in Section IV.

**II. <u>Matters Discussed Under Local Rule 26-1</u>**

A. <u>Complex Case</u>

The parties do not believe that the Manual for Complex Litigation (current edition) should be utilized or that the procedures of the Manual shall be modified.

B. Motion Schedule

*See* Section III(B), *infra*.

C. ADR

The parties have agreed on ADR Procedure No. 3 (private dispute resolution proceeding).

D. Trial Estimate

12 Court days.

E. Additional Parties

At the current time, neither party contemplates adding other parties, but reserves the right to do so under applicable substantive and procedural law.

F. Expert Witnesses

As set forth in Section IV, *infra*, and based on the proposed trial date, the parties propose an expert discovery cut-off date of March 7, 2022 as per this Court's template for scheduling pretrial and trial dates. Pursuant to the Court's Scheduling and Case Management Order, affirmative experts shall be designated eight weeks prior to that date (i.e., January 10, 2022) and rebuttal experts five weeks prior to that date (i.e., January 31, 2022).

**III. Additional Matters Discussed Pursuant to the Court's Order Regarding Scheduling Meeting of Counsel and Scheduling Conference.**

A. Proposed Written Discovery

*See* Items I(B) and I(C), *supra*. Based on the proposed trial date, the parties propose a percipient/fact discovery cutoff of February 21, 2022. *See* Section IV, *infra*.

B. Proposed Law and Motion Matters.

Each party contemplates bringing a motion for summary judgment. Based on the proposed trial date (and taking into account the Court's requirement that thirty-five days' notice be provided for motions for summary judgment) motions for summary judgment will be filed no later than March 14, 2022 (35 days before the

April 18, 2022 cutoff for hearing motions) and all other motions will be filed no later than March 21, 2022 (28 days before the April 18, 2022 cutoff for hearing motions), subject to the requirements of the Federal Rules of Civil Procedure and the Court's Local Rules.

C. <u>Settlement</u>

The parties engaged in settlement discussions prior to the filing of this lawsuit. As earlier noted, the parties have agreed on ADR Procedure No. 3 (private dispute resolution proceeding). The parties believe further discussions would be appropriate after more discovery takes place.

D. <u>Trial Length</u>

The parties estimate that the trial will take 12 court days, not including jury selection.

E. <u>Other Parties</u>

The parties do not anticipate at this time that other parties will be added but reserve their right to bring a motion to add parties under applicable substantive and procedural law.

F. <u>Trial Type</u>

The trial will be a trial by jury.

G. <u>Other Issues Affecting Status or Management of the Case</u>

None.

H. <u>Proposals regarding Severance, Bifurcations or Other Ordering of Proof</u>.

None.

I. <u>Short Synopsis of Principal Issues of the Case</u>.

Plaintiff alleges that he was damaged by Defendant's conduct which led to a SIM swap of his phone and the loss of almost $24 million in cryptocurrency. Plaintiff alleges that Defendant breached its obligations to maintain the privacy of his personal information under the Federal Communications Act and in violation of Defendant's promises in its privacy policy. Plaintiff further alleges that Defendant was negligent

in not maintaining adequate security and in hiring personnel who either cooperated with the perpetrators of the SIM swap or were allowed by AT&T to bypass the security that AT&T had allegedly placed on its systems to protect its customers.

Defendant disputes Plaintiff's allegations and denies any liability to Plaintiff. Defendant argues that the criminal hackers who allegedly swapped Mr. Terpin's SIM card into a phone controlled by the hackers, and then used his SIM card to steal cryptocurrency, needed for multiple steps to be taken by various parties, including Plaintiff, to allegedly allow the SIM swap and resulting theft. Defendant argues that it does not control the acts of criminal hackers and that it at all times maintained reasonable security measures and disclosed to customers the limits of those security measures. Accordingly, Defendant argues that any alleged loss is due to factors other than Defendant and outside of Defendant's control, including the negligence or intentional misconduct of other actors or Plaintiff's own negligence.

J. Amendment of Pleadings

Defendant has brought three motions to dismiss in this matter. At issue in this matter are the six remaining claims of Plaintiff's Second Amended Complaint. *See* Section I(B), *supra*. The parties reserve their right to further amend the pleadings (and challenge any request to amend) under applicable substantive and procedural law consistent with the Court's rulings.

K. Resolution of Matters by Motion

The parties anticipate that they may each bring a motion for summary judgment on all or a portion of the claims of Plaintiff's Second Amended Complaint. Because discovery has not been conducted in this matter, the parties are unable to provide further specificity regarding the potential motions at this time.

### IV. Parties' Recommendations and Orders for Final Scheduling Orders

The parties respectfully submit the following recommendations regarding the final scheduling order to be entered by the Court based on the Court's template for Scheduling of Trial and Pre-Trial Dates.

| Event | Date |
|---|---|
| Jury Trial<br><br>Estimated length 12 court days | June 7, 2022, 9:00 a.m. |
| Last Date to File Final Trial Exhibit Stipulation | June 2, 2022 |
| Hearings on Motions in Limine | May 31, 2022, 1:30 p.m. |
| Pretrial Conference; Deadline to File Motions in Limine | May 16, 2022 |
| Deadline to File:<br><br>- Proposed Pretrial Conference Order;<br>- Memoranda and Contentions of Fact and Law;<br>- Joint Witness List;<br>- Join Exhibit List and Exhibit Stipulation;<br>- Proposed Jury Instructions/Disputed Jury Instructions<br>- Proposed Voir Dire Questions;<br>- Joint Statement of the Case;<br>- Joint Report re Settlement | May 9, 2022 |
| Last Date for Hearing Motions | April 18, 2022 |

| Event | Date |
|---|---|
| Last Date to Conduct Settlement Conference | April 11, 2022 |
| Expert Discovery Cutoff | March 7, 2022 |
| Percipient/Fact Discovery Cutoff | February 21, 2022 |
| Last Date to Hear Motions to Amend Pleadings or Add Parties | April 5, 2021 |

The dates proposed herein were determined and calculated based on the proposed trial date using the Court's template. In the event that the Court selects a different date, the parties would propose that all the dates be adjusted according to the Court's template.

DATED: December 28, 2020        GREENBERG GLUSKER FIELDS
                                CLAMAN & MACHTINGER LLP


                                By: /s/ Timothy J. Toohey
                                    TIMOTHY J. TOOHEY (SBN 140117)
                                    Attorneys for Plaintiff MICHAEL
                                    TERPIN


DATED: December 28, 2020        GIBSON DUNN & CRUTCHER



                                By: /s/ Marcellus McRae
                                    MARCELLUS MCRAE (SBN 140308)
                                    Attorneys for Defendant AT&T
                                    Mobility, LLC