UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL TERPIN,<br><br>        Plaintiff,<br><br>  v.<br><br>AT&T MOBILITY LLC; and DOES 1-25,<br><br>        Defendants. | CASE NO. 2:18-CV-06975-ODW-KS<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

This action is likely to involve valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. One or both parties anticipate asserting that such confidential and proprietary materials and information consist of, among other things, (a) trade secrets; (b) proprietary business information of a competitively sensitive nature; (c) information about data security systems that could reasonably lead to circumvention or misuse; (d) information implicating an individual's legitimate expectation of privacy under applicable law, including personal financial information or information otherwise protected under Privacy Rules; or (e), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are

permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

    2.1 Action: this pending suit, *Michael Terpin v. AT&T Mobility LLC*, Case No. 2:18-cv-06975-ODW-KS (C.D. Cal.).

    2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4 "HIGHLY CONFIDENTIAL" Information or Items: CONFIDENTIAL, non-public information that the Designating Party reasonably and in good faith believes is so highly sensitive that its disclosure should be further limited as set forth in Section 7.3 below in order to protect the privacy or confidentiality interests described above and/or to avoid significant commercial or competitive disadvantage to the Designating Party.

    2.5 Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

    2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 In-House Counsel: attorneys who are employees of a Party to this Action (or corporate parent or relevant affiliate) and who have responsibilities related to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. In addition, this Order shall not limit a Party or Non-Party's ability to use its own Protected Material for any purpose. Any use of Protected Material at trial shall be governed by a separate order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. However, where it is administratively unfeasible or unduly burdensome to designate only portions of material, documents, items, or communications that contain confidential information, a Designating Party may designate the entirety of a document or communication to facilitate production.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 **Manner and Timing of Designations**. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter the "Confidentiality Legend") to each page that contains Protected Material.

If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition, that the Designating Party identify, within fourteen days after receipt of the final transcript, any portion of such deposition involving protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) for testimony or argument given in pretrial or other proceedings, that the Designating Party request, on the record, that the Court permit a motion to seal the courtroom for portions of the proceeding, and that the Designating Party further identify,

6
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:18-CV-6975-ODW-KS
83764-00002/3910540.7

within fourteen days after receipt of the final transcript, the portion(s) of such hearing or other proceeding involving protected testimony.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>General Principles</u>. A party may object to an opposing party's designation of certain information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by giving written notice to the party designating the disputed information. The written notice must identify the information to which the objection is made. The parties will attempt first to resolve such dispute in good faith and on an informal basis.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions

7
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:18-CV-6975-ODW-KS
83764-00002/3910540.7

described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) where the Receiving Party is Defendant, the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) where the Receiving Party is Plaintiff, Plaintiff himself after signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel;

(f) court reporters and their staff;

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided the witness and attorney for the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

otherwise agreed by the Designating Party or ordered by the court.  Notwithstanding the foregoing, disclosure may be made to witnesses who are employed by either party in the Action and to their attorneys if such disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.   To allow for the advance  resolution of any issues relating to the use of Protected Material during a deposition, any deposition notice and/or subpoena may be accompanied by a copy of this Stipulated Protective Order, including Exhibit A, and the direction that the witness and any counsel for the witness, if applicable, return a signed Exhibit A by email to the noticing Party at least 5 days before the deposition date or state that the Exhibit A will not be signed.  If a signed Exhibit A has not been timely returned by the witness and any counsel, if applicable, the noticing Party may promptly contact the Court to resolve deposition procedures and obtain such additional relief as the Court deems appropriate.  For avoidance of doubt, no material designated as "Confidential" may be shown to any witness on the basis of this subparagraph 7.2(h) who is not an employee of a party to this Action unless either (i) the witness and his or her attorney have signed Exhibit A, and such disclosure is reasonably necessary; or (ii) the Designating Party agrees, or the Court orders, that the document may be shown to the witness notwithstanding the witness's failure to sign Exhibit A, in which case the witness will not be permitted to keep any confidential information.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

   (i)   in preparation for their depositions, witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary and who sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(j) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. All references herein to subparagraphs refers to the subparagraphs in Section 7.2. HIGHLY CONFIDENTIAL information shall be subject to the same restrictions as CONFIDENTIAL information, except that HIGHLY CONFIDENTIAL information may not, absent agreement in writing by the Designating Party or as ordered by the court, be disclosed to any persons in subparagraph (h) and (i), or to any person in subparagraph (d) if they have within the 12 months prior to the disclosure worked for (as an employee or consultant/contractor) Verizon, T-Mobile, Sprint, America Movil, Telefonica, Liberty/VTR, Millicom/Une, Telecom Italia/Tim, Cox, Cablevision/Altice, or Centurylink, whom Defendant has, solely for purposes of this Action, represented are competitors of Defendant, which list is subject to Plaintiff's right to object or challenge such limitation at any time. Notwithstanding the foregoing, any disclosure of HIGHLY CONFIDENTIAL information to persons in subparagraph (b) or subparagraph (c) may only occur in the presence of outside litigation counsel, whether in person or remotely via video conference or otherwise, and such persons shall not be permitted to retain a copy of documents containing such HIGHLY CONFIDENTIAL information.

7.4 Without limiting Section 12.1 in any manner, either party may, at any time, seek modification of the provisions relating to the scope of disclosures under Sections 7.2 and 7.3 if warranted by the then existing circumstances relating to discovery. Any request for modification shall be preceded by meet and confer between the Parties. The request for modification shall not require changed circumstances, shall be considered on its own merits based on the Court's determination of the appropriateness of the proposed provisions, and the fact that the parties originally stipulated to any provision that a party now seeks to modify shall not be used as an independent basis for denying the request.

A. In the event that a party seeks a modification that would limit disclosure, the Designating Party shall, as part of meet and confer in connection

with such request, provide the relevant Protected Material to the Receiving Party's Outside Counsel of Record with notification of the intent to modify Sections 7.2 and/or 7.3. Initiation of this process shall not be a basis to delay timely production of such material, and the Designating Party may, if deemed necessary, mark such material as "Counsel Review Only Pending Protective Order Request." Any Protected Material bearing such designation shall not be disclosed by Outside Counsel of Record beyond persons identified in subparagraphs (a) or (e) of Section 7.2 absent further order of the Court, unless other persons are authorized in writing by the Designating Party. The document shall be promptly re-produced with the appropriate designation under this Order following the Court's ruling. Absent a written agreement extending this deadline, the Designating Party shall commence the process to modify this Order within five Court days of written notice that the Receiving Party will not stipulate to the requested modification.

        B.     In the event that a party seeks a modification that would expand the persons to whom a document may be disclosed, such party shall, as part of meet and confer in connection with such request, identify examples of the relevant Protected Material to the other party with notification of the intent to modify Sections 7.2 and/or 7.3. Notwithstanding the commencement of such meet and confer, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on a requested modification or approves a stipulated modification. After commencing meet and confer, a party may without prejudice elect not to submit the request to the Court at that time.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:18-CV-6975-ODW-KS

83764-00002/3910540.7

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

(a) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Right To Extend Deadlines</u>. Nothing in this Order prevents the Parties from modifying the deadlines contained herein as needed to avoid unnecessary motions or disputes or for other reasons to promote efficient litigation of the action provided the modification is in a writing between the parties and does not affect the Court's schedule.

12.4 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under

the law. Where the filing party is not the Designating Party, the Designating Party shall have three Court days to supplement any application as deemed necessary and appropriate by providing a supplemental declaration consistent with Local Rule 79-5.2.1(a)(ii)(3). In such an application, the filing party who is not the Designating Party will fulfill his/its obligations under the rules by stating in the declaration for good cause that the document/information in question has been designated as CONFIDENTIAL by the opposing party and that this Order allows the Designating Party four Court days to supplement the application to establish good cause. If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

\\
\\
\\
\\
\\
\\

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _May 25, 2021_

                                                  KAREN L. STEVENSON
                                   UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on May 25, 2021 in the case of *Terpin v. AT&T Mobility, LLC*, No. 42:18-CV-6975-ODW-KS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

17
[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:18-CV-6975-ODW-KS
83764-00002/3910540.7