UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 18-6975-ODW (KSx)                                          Date: June 13, 2022

Title   *Michael Terpin v. A T & T Inc. et al.*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF MICHAEL TERPIN'S MOTION RE: ORDER RESOLVING DISCOVERY ISSUES IN DISPUTE [Dkt. No. 76]**

Before the Court for resolution is Plaintiff's Motion to Compel re Discovery Issues in Dispute, filed in the Joint Stipulation ("Joint Stip.") format pursuant to Local Rule 37-2 on March 31, 2022 (the "Motion"). (Dkt. No. 76.) On May 25, 2022, Plaintiff filed a Supplemental Memorandum in support of the Motion. (Dkt. No. 83.) On June 3, 2022, the Court vacated the hearing on the Motion and found the matter suitable for decision without oral argument. (Dkt. No. 84.)

For the reasons outlined below, the Motion is DENIED.

**RELEVANT BACKGROUND**

Plaintiff commenced this action on August 15, 2018 against AT&T, Inc. and AT&T Mobility, LLC (together, "AT&T"). (Dkt. No. 1.) On August 9, 2019, Plaintiff filed the operative First Amended Complaint ("FAC"). (Dkt. No. 32.) Plaintiff alleges that hackers engaged in a fraudulent SIM swap that disabled Plaintiff's cell phone and transferred Plaintiff's cell phone account data to a different device (a "SIM swap"). (FAC at ¶ 6.) Between January 7 and 8, 2018, the hackers, impersonating Plaintiff, stole $24 million in cryptocurrency from Plaintiff's electronic wallets. (FAC at ¶ 12.) Plaintiff asserts causes of action against AT&T: (1) declaratory relief; (2) unauthorized disclosure of customer proprietary and confidential information and proprietary network information in violation of the Federal Communications Act, 47 U.S.C. §§ 206, 222; (3) deceit by concealment; (4) misrepresentation; (5) negligence; (6) negligent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 18-6975-ODW (KSx)                                          Date: June 13, 2022

Title   *Michael Terpin v. A T & T Inc. et al.*

supervision and training; (7) negligent hiring; (8) breach of contract re: AT&T privacy policy; and (9) in the alternative to breach of contract, breach of implied contract.  (FAC at 1.)

### THE MOTION

Plaintiff seeks an order compelling AT&T to:

(1) expand their production of documents in response to Plaintiff's Request for Production of Documents from January 1, 2015 to the present, instead of January 1, 2016 to the present, the time frame that AT&T has used thus far to search for and produce documents; and

(2) produce to Plaintiff the search terms used to define Plaintiff's Electronically Stored Information ("ESI") searches for responsive documents.

**A.  Plaintiff's Positions**

Issue 1: Relevant Time Frame for AT&T Document Production

Plaintiff argues that AT&T should be required to expand the time frame used to govern its production of documents to include documents from January 1, 2015 forward rather than from of January 1, 2016 forward.  (Joint Stip. at 3.)  Plaintiff points to an internal AT&T document from September 2015 that "identified unauthorized SIM swapping . . . as a 'Hot Fraud Issue' . . . [and] two years later AT&T handed over the SIM card of Plaintiff's phone to unlawful hackers not once, but twice."  (*Id.*)  This fraud by hackers led to the theft of cryptocurrency valued at $24 million from Plaintiff's electronic wallet.  (*Id.* at 3.)  Plaintiff argues that this document makes information dating from January 1, 2015 relevant to the "foreseeability" of the harm alleged in Plaintiff's negligence claims, potential punitive damages claims, and allegations that "AT&T deliberately failed to protect its customers . . . and their confidential information."  (*Id.* at 3-4.)

Issue 2:  Demand That AT&T Produce its ESI Search Terms

Plaintiff also demands that AT&T be required "to disclose its search terms so that the completeness of its discovery can be measured."  (Joint Stip. at 4.)  Plaintiff asserts AT&T has "flatly refused to adhere to this customary and standard litigation practice" of exchanging search

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                              Date: June 13, 2022

Title   *Michael Terpin v. A T & T Inc. et al.*

terms used to produce ESI. (Joint Stip. at 16.) According to Plaintiff, AT&T should be compelled to produce its ESI search terms so that Plaintiff can assess the "sufficiency of the entirety of AT&T's responses to Plaintiff's production." (*Id.*) Plaintiff asserts that its "substantial need for this information is apparent." (*Id.* at 17.)

 **B. AT&T'S Positions**

Issue 1: Relevant Time Frame for AT&T Document Production

  AT&T objects that Plaintiff's demand to expand the date range for document production back to January 1, 2015, "three full years before the alleged theft even occurred," is little more than a "fishing expedition." (Joint Stip. at 4.) AT&T emphasizes that under Federal Rule of Civil Procedure 26, for information to be discoverable, it must not only be relevant but proportional to the needs of the case. (*Id.* at 5.) AT&T maintains that information dating back to January 1, 2015 is neither relevant nor proportional. According to AT&T, Plaintiff "does not make even a token effort to demonstrate proportionality of his requested expansion of the relevant time period." (*Id.*)

  AT&T represents that, using the January 1, 2016 date, it has already gathered and reviewed nearly 50,000 documents for responsiveness and privilege and has produced documents for over two years before Plaintiff brought the [SIM swap-related cryptocurrency theft] to AT&T's attention." (*Id.* at 4.) AT&T contends that expanding the date range back to January 1, 2015 will not lead to the discovery of additional relevant documents because "documents from 2016 and 2017 would fully show the state of AT&T's knowledge leading up to the SIM swap[.]" (*Id.* at 13.) AT&T argues that "the single document [Plaintiff] relies on," which is dated September 29, 2015, does not point to any event similar to the SIM-swap-related fraud at issue here. (*Id.* at 10; 13-15.)

  AT&T argues that the 2015 document "explicitly links unauthorized SIM swaps to unauthorized phone calls made on customers' accounts—which AT&T then has to credit the customer for, ultimately resulting in losses borne by *AT&T* and not customers." (*Id.* (emphasis added).) According to AT&T, because the September 2015 document points to AT&T's losses, rather than customer-related losses, the document and others dating back to January 1, 2015 have no relevance to AT&T's notice of the type of fraud claims at issue in this case. (*Id.*)

  AT&T also points out that Plaintiff specifically stated in interrogatory responses that he "is not seeking damages relating to the June 2017 hack." (Joint Stip. at 11; *and see* Ex. 2 (Excerpt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                          Date: June 13, 2022

Title   *Michael Terpin v. A T & T Inc. et al.*

from Interrogatory Responses).)  Thus, AT&T argues that the discovery it has already undertaken, dating back to January 2016, is adequate and proportionate to the needs of the case.  (*Id*. at 11-12.)

Additionally, AT&T emphasizes that any information contained in the single document, dated September 29, 2015, that Plaintiff says is evidence of AT&T's "notice" of potential SIM-swap fraud risks, is already available to Plaintiff in documents that AT&T has "produced showing the *same information* that are dated February 23, 2016, February 17, 2017, September 14, 2018, and January 16, 2019."  (Joint Stip. at 13 (emphasis in original).)

Issue 2: Demand That AT&T Produce Its ESI Search Terms

AT&T urges that Plaintiff's demand for an order directing AT&T to disclose its search terms "after AT&T has completed collecting and searching documents, and after the majority of responsive documents have been produced" should be denied.  (Joint Stip. at 22.)  AT&T rejects Plaintiff's assertion that the exchange of ESI search terms is a "fundamental requirement" under the Federal Rules of Civil Procedure.  (*Id*.)  AT&T argues that the Motion, in effect, seeks "discovery on discovery."  (*Id*.)  AT&T maintains that Plaintiff has not demonstrated any basis to justify an ex-post probe of the adequacy of AT&T's search procedures.  (*Id*. at 23.)

AT&T points out that in instances where courts have allowed discovery into search terms after document production has occurred, the court had already determined that a party's investigation and witness preparation for a Rule 30(b)(6) deposition were inadequate.  (*Id*. (citing *FormFactor, Inc. v. Micro-Probe, Inc*., Case No. 10-03095 PJH (JCS), 2012 WL 1575093).)  AT&T notes that, similarly, in *Micromet AG v. Cell Therapeutics, Inc.,* 2005 WL 8172238 (W.D. WA, Dec. 13, 2005), the district court ordered production of key words searched only after the court heard evidence that suggested an inadequate search had occurred.  (*Id*.)  AT&T argues that here, Plaintiff points to no such deficiencies and only offers speculation and unsupported assertions.  (*Id*. at 24-25.)

//

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                    Date: June 13, 2022

Title     *Michael Terpin v. A T & T Inc. et al.*

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26, a party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). When determining if the proportionality requirement has been met, courts are to consider six factors, namely, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* Relevant information need not be admissible to be discoverable. *Id.*

District courts have broad discretion in controlling discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). When considering a motion to compel, the Court has similarly broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallet*, 296 F.3d at 751).

**DISCUSSION**

Having thoroughly considered the parties' moving papers, the Court concludes that Plaintiff's Motion fails on both issues.

Issue 1: Plaintiff Fails to Establish the Relevance or Proportionality of Documents Dating from 2015

The FAC alleges that Plaintiff "is a prominent member of the blockchain and crypto currency community," and in 2013 Plaintiff started "BitAngels, the first angel group for investing in bitcoin and blockchain companies." (FAC at ¶ 19.) Plaintiff alleges that the first incident of SIM-card swap fraud involving Plaintiff occurred on or about June 11, 2017. (FAC at ¶ 83.) But Plaintiff has expressly stated he is not seeking any damages in this case based on the June 11, 2017 SIM-swap incident. (Joint Stip., Ex. 2.) A second SIM-swap fraud incident on *January 7, 2018* allegedly resulted in the theft of Plaintiff's cryptocurrency valued at $24 million at the time. (FAC at ¶¶ 90-99.) AT&T has agreed to produce, and already produced the majority of its responsive documents, dating from January 1, 2016 to the present, and documents concerning AT&T's 2015 procedures are "entirely irrelevant to [Plaintiff's claims]." (Joint Stip. at 10-12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                              Date: June 13, 2022

Title      _Michael Terpin v. A T & T Inc. et al._

    Plaintiff argues that expanding AT&T's document production by an additional year to January 1, 2015, may uncover documents relevant to whether AT&T had notice of the risk to its customers of SIM-swap fraud, such that the theft of Plaintiff's cryptocurrency was foreseeable. (Joint Stip. at 7.)  But the Court is not persuaded that the September 29, 2015 document points to the likelihood of information relevant to "foreseeability" with respect to Plaintiff's negligence claims.

    As discussed above, Plaintiff alleges that he suffered his first unauthorized SIM swap in June of 2017. (Joint Stip. at 8.)  However, Plaintiff expressly denies that he is seeking any damages based on the January 2017 SIM-swap incident. (_See_ Joint Stip., Ex. 2.)  Rather, Plaintiff's damages claims arise from a fraudulent SIM swap on January 7, 2018. (_Id._ at 11.)  AT&T has produced responsive documents dating from January 1, 2016, some two years prior, to the incident giving rise to this lawsuit. (_Id._ at 10-11.)

    The foreseeability at issue here is the specific risk that fraudsters could use the customer's cellular phone to access and plunder the customer's third party accounts. (_See_ FAC at ¶¶ 83-90.)  The September 29, 2015 article that Plaintiff argues requires expanding the discovery period by an additional year does not point to relevant information about AT&T's knowledge of the type of SIM-swap related theft at issue in this case.  While the foreseeability in 2015 of SIM-swap fraud may arguably be of some general relevance here, on balance, the Court does not find that the September 29, 2015 document points to information of sufficient relevance to warrant re-opening the defendants' search for documents by an additional year at this juncture.

    Moreover, even if information about the general risk of SIM-swap fraud was arguably relevant, relevance alone, as Rule 26(b)(1) makes clear, is not the only criteria for discovery.  Rule 26(b)(1) requires that information be both relevant _and_ proportionate to the needs of the case based on six factors.  FED. R. CIV. P. 26(b)(1).  Here, Plaintiff fails to demonstrate that expanding the temporal scope for discovery by an additional year would be proportionate.  The Court considers each of the Rule 26(b)(1) proportionality factors in turn.

    As to the first factor, the importance of the issues as stake, as noted above, the September 29, 2015 article does not suggest that relevant information as to the foreseeability of the type of SIM-swap related theft at issue in this case would be uncovered by expanding discovery an additional year.  Plaintiff suggests that looking back more than three years before the January 7, 2018 incident for which Plaintiff seeks damages is necessary to establish that AT&T was on notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                              Date: June 13, 2022

Title   *Michael Terpin v. A T & T Inc. et al.*

of the risks of SIM-swap fraud. As AT&T points out, the September 29, 2015 article is dated just a few months prior to the existing January 1, 2016 discovery time frame and AT&T points to documentation in its existing production that contains that the same information. (Joint Stip. at 13.) Thus, on balance, the Court concludes that this factor does not weigh in favor of expanding the time frame for relevant documents back to January 1, 2015.

With respect to the second factor, the amount in controversy, Plaintiff has alleged the loss of $24 million in cryptocurrency. The substantial value of Plaintiff's stolen asset weighs in favor of assuring that there is robust discovery of documents relevant to the parties' clams and defenses, including whether AT&T had notice of the particular risk at issue in the case and an opportunity to implement security measures to address that risk. But given the limited relevance of the September 29, 2015 document, this proportionality factor weighs against expanding the production time frame.

Considering the third and fourth factors, i.e., the parties' relative access to the information and relative resources, there is clear asymmetry here. AT&T is a global communications corporation and one of the largest cellular service providers in the United States, while Plaintiff is an individual consumer. The information to be searched is solely in AT&T's possession and control. AT&T represents that it has already "gathered nearly 50,000 documents and reviewed some 24,000 documents for responsiveness and privilege" and "the bulk of those responsive, non-privileged documents have been produced." (Joint Stip. at 4.) AT&T offers no evidence to demonstrate any additional burden in discovery costs or manpower that it would incur if the discovery period was expanded back to January 1, 2015. The Court can reasonably infer that AT&T has the resources necessary to expand its document search by an additional year. Thus, these factors weigh in favor of the proportionality of expanding the search period.

The fifth factor, the importance of the discovery in resolving the issues, dovetails with the Court's earlier discussion of relevance. The Court is not persuaded that expanding the discovery period by an additional year is important to resolving the issues in dispute concerning Plaintiff's January 7, 2018 cryptocurrency theft. AT&T has demonstrated that the information disclosed in the September 29, 2015 document is already included in documents previously produced. Thus, the Court finds that ordering additional production of documents dating back to January 1, 2015 would not be proportionate to the needs of the case within the meaning of Rule 26(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                              Date: June 13, 2022

Title   *Michael Terpin v. A T & T Inc. et al.*

Regarding the sixth factor, whether the burden and expense of the discovery sought outweighs its potential benefit, as noted, AT&T has not presented any evidence of a specific burden or expense it would incur if required to expand its document search by an additional year. Undoubtedly the cost in both time and resources would not be zero. But in the absence of specific evidence, the Court can only conclude that this proportionality factor is at best neutral.

Accordingly, as the relevant factors weigh against expanding AT&T's temporal search parameters, Plaintiff's Motion is DENIED as to Issue 1, the date range for the production of documents will remain January 1, 2016 to the present.

<u>Issue 2: Plaintiff Fails to Establish a Basis for Compelling Ex-Post Production of AT&T's Search Terms</u>

Contrary to Plaintiff's assertions, there is no "fundamental discovery requirement" that a party provide its ESI search terms in litigation. True, in cases involving voluminous amounts of ESI and/or numerous custodians, parties frequently agree, at the outset, to exchange ESI search terms. (*See, e.g., Sedona Conference Commentary on Defense of Process: Principles and Guidelnes for Developing and Implementing a sound E-Discovery Process* 118 (Sept. 2016).)  In *Apple v. Samsung*, a sprawling patent infringement action, the court noted with approval Judge Nolan's observation in *DeGeer v. Gillis*, that the more efficient procedure is to agree on search terms and custodians before conducting electronic data collection. *Apple, Inc., v. Samsung Elecs., Co.,* 2013 WL 1942163, at 3 (N.D. Cal. May 9, 2013) (*citing DeGeer v. Gillis*, 755 F. Supp. 2d 909 (N.D. IL 2010)). But Plaintiff cites no rule—Federal or Local—that requires a party to identify the search terms used to conduct searches for documents responsive to an opponent's discovery requests, and the cases that Plaintiff relies on do not require such a result here either.

Plaintiff plucks a single sentence from *Williams & Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Reservation,* 2021 WL 2747117, at *7 (S.D. Cal. May 27, 2020) for the proposition that discovery concerning search procedures can be done" either before or after the search has been conducted." (Joint Stip. at 16.)  Even if *Williams & Cochrane* was binding on this Court—and it is not—the decision does not require an order compelling disclosure here.  In *Williams & Cochrane,* the district court emphasized that its decision was largely dictated by the fact that the deadline for production and discovery motions had passed, and the court stated, "It certainly would have been preferred for plaintiff to seek this information in advance of the document production[.]" *Williams & Cochrane, LLP*, 2021 WL 2747117, at *7.  Furthermore,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                               Date: June 13, 2022

Title   *Michael Terpin v. A T & T Inc. et al.*

the decision points out that other courts have *refused* to order disclosure of search terms and custodians where there has been no specific showing of the inadequacy of a party's production or procedures.  *Id.* (*citing Doe v. Heritage Academy, Inc.,* CV 16-03001-PHS-XPL, 2017 WL 6001481, at *13 (D. AZ, June 9, 2017)).

AT&T argues that when courts have allowed discovery into search terms after document production has already occurred, those courts had concluded from specific evidence in the factual record that the producing party's searches and/or disclosures were facially inadequate.  (*See* Joint Stip. at 23.)  For example, in *FormFactor, Inc. v. Micro-Proble, Inc.*, Case No. 10-03095 PJH (JCS), 2012 WL 1575093 , at *4-5 (N.0D. Cal. May 3, 2012), United States Magistrate Judge Joseph Spero found the producing party's investigation and witness preparation for a Rule 30(b)(6) deposition were inadequate.  Similarly, in *Micromet AG v. Cell Therapeutics, Inc.,* 2005 WL 8172238 (W.D. WA Dec. 13, 2005), the district court ordered production of key words used to search for responsive documents only *after* the court reviewed evidence that suggested an inadequate search had occurred.  (*Id.*)

Here, Plaintiff  insists that it should be permitted to test the completeness of Defendant's production, but Plaintiff offers only speculation and unsupported assertions. (Joint Stip. at 24-25.)  As Judge Spero emphasized in *FormFactor*, "Defendant[]'s suspicions . . . are insufficient to warrant an order compelling production." *FormFactor, Inc.,* 2012 WL 1575093 at *7.  The *FormFactor* analysis is persuasive here.  In the absence of a demonstrated deficiency, this Court concludes that Plaintiff's speculation about possible deficiencies in Defendant's search procedures do not support an order compelling AT&T to produce discovery based upon new search terms after it has produced a large volume of documents and largely completed its production.

Accordingly, Plaintiff's Motion is denied, without prejudice, as to Issue No. 2.

**CONCLUSION**

For the reasons outlined above, the Motion is DENIED.  Each party to bear its own costs.

**IT IS SO ORDERED.**

:

**Initials of Preparer**    gr