PIERCE O'DONNELL (SBN 081298)
PODonnell@ggfirm.com
TIMOTHY J. TOOHEY (SBN 140117)
TToohey@ggfirm.com
PAUL A. BLECHNER (SBN 159514)
PBlechner@ggfirm.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff
MICHAEL TERPIN

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MICHAEL TERPIN,

Plaintiff,

v.

AT&T MOBILITY, LLC; and DOES 1-25,

Defendants.

Case No. 2:18-cv-06975-ODW-KS

*[Assigned to The Hon. Otis D. Wright II]*

**DECLARATION OF TIMOTHY J. TOOHEY IN SUPPORT OF PLAINTIFF'S PORTION OF JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2 RE DISCOVERY ISSUES IN DISPUTE**

[Joint Stipulation Filed Concurrently Herewith]

Hearing Date: September 21, 2022
Time: 10:00 a.m.
Discovery Cutoff: January 30, 2023
Pretrial Conference: April 10, 2023
Trial: May 2, 2023
Judge: Hon. Karen L. Stevenson

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**DECLARATION OF TIMOTHY J. TOOHEY**

I, Timothy J. Toohey, declare as follows

1. I am an attorney duly licensed to practice in all state and federal courts of the State of California and am a partner of Greenberg Glusker Fields Claman & Machtinger LLP, attorneys of record for Plaintiff Michael Terpin. The facts set forth herein are of my own personal knowledge. If called as a witness, I could and would testify to these facts under oath.

2. I make this declaration in support of Plaintiff's portion of the Joint Discovery Stipulation filed concurrently herewith pursuant to Local Rule 37-2 of this Court.

3. On March 16, 2020, Plaintiff filed the Second Amended Complaint ("SAC") in this matter, Docket No. 42. A true and correct copy of the SAC (without exhibits) is attached hereto as Exhibit A.

4. On March 19, 2018 counsel for Mr. Terpin sent a demand letter to AT&T regarding an unauthorized SIM swap that occurred to Mr. Terpin's AT&T account on January 7, 2018. Enclosed with the March 19, 2018 letter, which AT&T received on March 20, 2018, was a draft complaint. Although the draft complaint differed in some ways from the complaint that was filed in this matter on August 15, 2018, it contained a claim that arose under Section 222 of the Federal Communications Act ("FCA"). The SAC contains a similar FCA claim in ¶¶ 133-141 (Second Claim for Relief).

5. To date AT&T has not produced any documents related to its internal investigation(s) of Mr. Terpin's January 7, 2018 unauthorized SIM swap, other than the account notes for Mr. Terpin's AT&T account that are attached as Exhibit O and certain underlying information regarding the Terpin account. More specifically, AT&T has not produced any communications relating to the internal investigation(s) by and between AT&T personnel. AT&T has also not produced any communications with its authorized retailer Spring Communications ("Spring")

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

(which is now known as Prime Communications) other than a single e-mail relating to Jahmil Smith, who as a Spring employee is alleged to have been involved in the January 7, 2018 unauthorized SIM swap of Mr. Terpin's account.

6. Attached hereto as Exhibit B is a true and correct copy of the Comments of AT&T submitted to the Federal Communications Commission ("FCC") on November 15, 2021, WC Docket No. 21-341, *In the Matter of Protecting Consumers from SIM Swap and Port Out Fraud*.

7. On March 20, 2022 I received a copy from AT&T counsel of what it describes in the cover e-mail as a "categorical privilege log" ("Categorical Privilege Log"). Attached as Exhibit C is a true and correct copy of the e-mail and the Categorical Privilege Log.

8. On February 5, 2021, Plaintiff served his First Set of Requests for Production on AT&T. Attached as Exhibit D is a true and correct copy of these Requests.

9. On June 1, 2021, AT&T served its Responses and Objections to Plaintiff's First Set of Requests for Production on Plaintiff. Attached as Exhibit E is a true and correct copy of these Responses and Objections.

10. As counsel for Plaintiff I was involved in numerous conferences with counsel for AT&T in regard to AT&T's responses to Plaintiff's Requests for Production, including the documents that AT&T produced. These conferences took place from September 2021 until July 2022.

11. On September 29, 2021 I wrote AT&T counsel regarding the fact that AT&T had not to date produced anything "specific to Mr. Terpin's two unauthorized SIM swaps. Attached as Exhibit F is a true and correct copy of this letter.

12. On October 14, 2021 the parties participated in a meet and confer conference call regarding AT&T's responses to Plaintiff's requests. At this conference AT&T asserted for the first time that it was claiming a blanket privilege

for certain documents relating to Mr. Terpin's January 7, 2018 unauthorized SIM swaps.

13. On October 25, 2021 counsel for Mr. Terpin wrote AT&T counsel to object to AT&T's blanket privilege assertions. A true and correct copy of this e-mail is attached hereto as Exhibit G.

14. On November 30, 2021 counsel for AT&T responded to the October 25, 2021 e-mail by again asserting privilege for AT&T's internal investigations. A true and correct copy of this e-mail is attached as Exhibit H.

15. On December 8, 2021 counsel for Plaintiff wrote counsel for AT&T rejecting AT&T's assertions regarding the privilege of its internal investigations. A true and correct copy of this e-mail is attached as Exhibit I.

16. On May 9, 2022, AT&T produced an incomplete privilege log which was arranged on a document-by-document basis. The privilege log did not contain any documents from 2018. A true and correct copy of this privilege log is attached as Exhibit J.

17. On May 11, 2022, counsel for Plaintiff wrote counsel for AT&T regarding the "manifest inadequacy and incompleteness" of the privilege log that was produced on May 9, 2022. Plaintiff requested that AT&T produce a complete privilege log including a document-by-document listing of all documents that AT&T claimed were privileged. A true and correct copy of this letter is attached as Exhibit K.

18. On May 16, 2022, counsel for AT&T rejected Plaintiff's request for an amended complete privilege log. A true and correct copy of this communication is attached as Exhibit L. On May 25, 2022, as mentioned, AT&T produced its Categorical Privilege Log over Plaintiff's objections. *See* Exhibit C.

19. On June 6, 2022, the parties met and conferred regarding the issue of the privilege log and determined that they were at an impasse. On July 25, 2022, the Court held an informal discovery conference regarding this matter and ordered

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

that the issue should be briefed through a joint stipulation.

20. On July 25, 2022, counsel for Plaintiff requested that, in the interest of avoiding expensive motion practice, AT&T produce a document-by-document privilege log. On July 28, 2022 counsel for AT&T informed me that AT&T would not produce a privilege log and asserted that the privilege of the documents was "obvious." A true and correct copy of these communications is attached hereto as Exhibit L.

21. Attached hereto as Exhibit M is a February 28, 2020 Notice of Apparent Liability for Forfeiture and Admonishment indicating that the FCC had imposed a fine of more than $57 million against AT&T for violating Section 222 of the FCA by disclosing customers' location information.

22. Attached hereto as Exhibit N is a press release from the FCC dated April 8, 2015 indicating that the FCC has imposed a civil penalty of $25 million against AT&T for violating Section 222 of the FCA through data breaches.

23. Filed separately herewith under seal as Exhibit O are excerpts from the AT&T account notes for Plaintiff's account with AT&T. These account notes include records of the contacts between Plaintiff and Plaintiff's wife and AT&T regarding the January 7, 2018 SIM Swap. These documents were produced by ATT with the Bates Numbers ATT-TERP_00003716 and 3724-3734.

24. The parties in this litigation have agreed that the privilege logs of both parties need not list any document after the filing of the complaint in this action on August 15, 2018. This agreement did not exclude the production of non-privileged

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

documents after August 15, 2018 and Plaintiff has produced numerous documents after that date.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 24th day of August 2022 at Bozeman, Montana.

By: ______________________
TIMOTHY TOOHEY (SBN 081298)
Attorneys for Plaintiff Michael Terpin

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067