MARCELLUS A. MCRAE, SBN 140308
  mmcrae@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ASHLEY E. JOHNSON, admitted *pro hac vice*
  ajohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2949

Attorneys for Defendant
AT&T Mobility LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TERPIN,<br><br>            Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY LLC; and DOES 1-25,<br><br>            Defendants. | Case No. 2:18-cv-06975-ODW-KS<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT AT&T MOBILITY LLC'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION RE DISPUTE AS TO AT&T'S INTERROGATORY NO. 30**<br><br>Hearing Date: September 21, 2022<br>Time: 10:00 a.m.<br>Discovery Cutoff: January 30, 2023<br>Pretrial Conference: April 10, 2023<br>Trial: May 2, 2023<br>Judge: Hon. Karen L. Stevenson |

i
DEFENDANT AT&T MOBILITY LLC'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
ITS MOTION RE DISPUTE AS TO AT&T'S INTERROGATORY NO. 30
CASE NO. 2:18-CV-06975-ODW-KS

Gibson, Dunn & Crutcher LLP

Defendant AT&T Mobility LLC ("AT&T") hereby files its Supplemental Memorandum in support of its Motion re Dispute as to AT&T's Interrogatory No. 30 (Dkt. 91) pursuant to Local Rule 37-2.3.

In both his argument in the Joint Stipulation (Dkt. 104) and his Supplemental Memorandum (Dkt. 113), Plaintiff Michael Terpin ("Mr. Terpin") misconstrues the purpose of the information sought through AT&T's Interrogatory No. 30. There is no legitimate dispute that a central issue in this case is whether Mr. Terpin's own actions contributed to the loss of the cryptocurrency for which he has sued AT&T. As Mr. Terpin states, the question of whether he met the standard of care in this case may be a matter for experts. But those expert opinions must be based on pertinent facts—including Mr. Terpin's knowledge of and access to other methods of securing the cryptocurrencies at issue that could have prevented the theft. The relevant security measures are not just those securing access to the cryptocurrency wallets themselves, but also the measures used to prevent unauthorized access to any accounts that could be used to access the wallet or wallet credentials (e.g., Mr. Terpin's online storage and email accounts). It is for this reason that AT&T has sought the information requested in Interrogatory No. 30—which on its face seeks information regarding "the location of any such wallet credentials, and any recovery email associated with the location in which wallet access credentials were stored." Dkt. 104 at 6:1–2.

Mr. Terpin's Supplemental Memorandum argues that the need for a complete response to Interrogatory No. 30 has been mooted as a result of deposition testimony received from him. This is not the case.

As a threshold matter, Mr. Terpin cites no authority for the position that deposition testimony obviates the need for a complete and accurate written discovery response. Under the Federal Rules of Civil Procedure, "a party is generally entitled to engage multiple forms of discovery as a means of testing the opposing party's positions." *Reno v. W. Cab Co.*, No. 2:18-cv-00840-APG-NJK, 2019 WL 6310716, at *4 (D. Nev. Nov. 25, 2019) (stating it is

Gibson, Dunn & Crutcher LLP

1
DEFENDANT AT&T MOBILITY LLC'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION RE DISPUTE AS TO AT&T'S INTERROGATORY NO. 30
CASE NO. 2:18-CV-06975-ODW-KS

"generally permissible" to have multiple forms of discovery addressing the same subject matter). If Mr. Terpin's position were a correct statement of the law, there would be no need for parties to supplement written discovery responses based on information subsequently obtained through other forms of discovery.

Nor is it accurate that Mr. Terpin provided a complete response to the issues raised in Interrogatory No. 30 during his deposition. He has not, nor has he submitted any deposition testimony to support that claim. Mr. Terpin's responses throughout the deposition were incomplete and nonresponsive. Mr. Terpin was unable to provide information about specific cryptocurrency wallets he had at the time, let alone the security used for those particular wallets. Nor did he provide full and complete answers regarding the security of his email and online storage accounts. As a result of his failure to provide complete responses to these questions or any responses at all to several others, AT&T suspended the deposition reserving its right to seek relief from the court.

In sum, as set forth in the Joint Stipulation and discussed further above, the Court should issue an order compelling Mr. Terpin to provide a complete response to Interrogatory No. 30.

Dated: September 7, 2022

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: *// Jeremy S. Ochsenbein*
　　Marcellus McRae
　　Jeremy S. Ochsenbein

Attorneys for Defendant
AT&T Mobility LLC

105709342.2

Gibson, Dunn & Crutcher LLP

2
DEFENDANT AT&T MOBILITY LLC'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION RE DISPUTE AS TO AT&T'S INTERROGATORY NO. 30
CASE NO. 2:18-CV-06975-ODW-KS