UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 18-6975-ODW (KSx)                                                   Date: December 20, 2022

Title   *Michael Terpin v. AT&T Mobility LLC, et al.*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:  N/A        Attorneys Present for Defendants:  N/A

**Proceedings:   (IN CHAMBERS) ORDER RE: PLAINTIFF MICHAEL TERPIN'S MOTION RE ORDER RESOLVING DISCOVERY ISSUES IN DISPUTE [DKT. NOS. 123, 130, 134]**

Before the Court for resolution is the Motion of Plaintiff Michael Terpin re Order Resolving Discovery Issues in Dispute, filed in the Joint Stipulation ("Joint Stip.") format pursuant to Local Rule 37-2 on November 8, 2022 (the "Motion") and related exhibits. (Dkt. No. 123.) With its portion of the Joint Stipulation, Defendant AT&T Mobility LLC ("Defendant" or "AT&T") provided a Declaration of Joseph Morella in Support of Joint Stipulation ("Morella Decl."). (Dkt. No. 125-3.) On November 16, 2022, Plaintiff filed a Supplemental Memorandum in support of the Motion, with related exhibits (dkt. no. 130), and Defendant filed a Supplemental Memorandum in opposition to the Motion (dkt. no. 134). On November 29, 2022, the Court vacated the hearing on the Motion and took the matter under submission without oral argument. (Dkt. No. 135.)

For the reasons outlined below, the Motion is GRANTED in part and DENIED in part.

**RELEVANT BACKGROUND**

The Court previously summarized the allegations of the operative pleading regarding the SIM swap fraud involving Plaintiff's cell phone that allegedly allowed fraudsters to steal $24 million in cryptocurrency from an electronic wallet on Plaintiff's cell phone. (*See* Dkt. No. 85; *and see* Dkt. No. 42 (Second Amended Complaint).) Therefore, the Court assumes the parties are familiar with the details of the allegations and will not reiterate them here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                                  Date: December 20, 2022

Title    _Michael Terpin v. AT&T Mobility LLC, et al._

In the Motion, Plaintiff seeks an order compelling further responses from Defendant to Plaintiff's Second Set of Interrogatories, Nos. 17-20. These interrogatories request information concerning other instances of SIM swap activity by Jahmil Smith ("Smith"), the individual employed by AT&T's authorized retailer and agent Spring Communications, who is alleged to have conducted the January 7, 2018 unauthorized SIM swap that allegedly led to Plaintiff's substantial cryptocurrency losses. (Joint Stip. at 1.)

**THE DISPUTED DISCOVERY REQUESTS & RESPONSES**

At issue in the Motion are Plaintiff's requests and Defendant's responses to the following interrogatories:

**INTERROGATORY NO. 17:** Identify all SIM SWAPS (including both AUTHORIZED SIM SWAPS and UNAUTHORIZED SIM SWAPS) for any AT&T Customer ("Customer") performed by SMITH and/or that AT&T records reflect as being performed under SMITH's identification number (jx853v) and for each SIM SWAP provide the following information:

   1. the name of the Customer whose account was the subject of the SIM SWAP;
   2. the phone number, including area code, of the account that was subject to the SIM SWAP;
   3. the city and state that YOU had for the Customer at the time of the SIM SWAP;
   4. the location, including city and state, to the best of YOUR knowledge based on available resources for where the phone was first used after the SIM SWAP;
   5. the IMEI of the phone first used after the SIM SWAP;
   6. the date and time when the SIM SWAP occurred;
   7. first use date and time after the SIM SWAP;
   8. the make and model of the phone first used after the SIM SWAP;
   9. the manner in which the Customer's identity was authenticated and, to the extent applicable, any explanation or notes for why authentication occurred in the manner it did and/or why any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                                     Date: December 20, 2022

Title   *Michael Terpin v. AT&T Mobility LLC, et al.*

applicable procedures were not followed; and
10. whether there is any indication that the SMITH was not involved in the SIM SWAP even though his employment identification number (jx853v) may be associated with it.

**AT&T RESPONSE TO INTERROGATORY NO. 17:** AT&T objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case because it lacks a reasonable temporal limitation. AT&T's response will therefore be limited to information from January 1, 2016 to the present. AT&T objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information regarding the claims and activities of other AT&T customers, containing the protected CPNI of other AT&T customers, and/or concerning incidents or occurrences that have no relevance to or bearing upon the claims or defenses in this case. Because Terpin has alleged that AT&T violated its duties to him and his claims will rise or fall based on the evidence concerning his own interactions with AT&T, information regarding AT&T's information gathering into SIM swaps experienced by other customers is not relevant to any issue in this case, is not proportional to the needs of the case, and the burden of identifying, collecting, and producing such information in this matter. AT&T further objects that this request is overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it asks AT&T to identify and provide extensive information regarding every SIM swap conducted under Jahmil Smith's identification number, including because the vast majority of SIM swaps performed on AT&T customers are authorized. Accordingly, AT&T objects that this Interrogatory asks AT&T to perform burdensome research into dozens of SIM swaps that not only have nothing to do with this case, but were ordinary course, authorized SIM swaps about which no question has ever been raised. AT&T further objects to the extent that the requested information is protected against disclosure by applicable federal and state law and authorities, including but not limited to the Federal Communications Act, 47 U.S.C. § 222, the Stored Communications Act, 18 U.S.C. § 2707, and the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510 *et seq*. AT&T further objects that the Interrogatory seeks materials protected by the privacy rights of third-party customers. AT&T further objects to this Interrogatory to the extent that it seeks information protected by the attorney client and/or attorney work product privileges, and/or any other applicable privilege, protection, or immunity from disclosure. AT&T further objects to this Interrogatory to the extent that it asks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                             Date: December 20, 2022

Title   *Michael Terpin v. AT&T Mobility LLC, et al.*

AT&T to provide information summarizing information that is outside of its knowledge or control. AT&T's investigation into the matters at issue in this case and this Interrogatory is continuing. AT&T reserves the right to supplement, correct, or update this or any response at a later date. Subject to and without waiving its General and Specific Objections, AT&T responds as follows: On the attached Exhibit A, AT&T has compiled a list of SIM swaps performed under ATTUID jx583v and the date of such SIM swaps, to the extent located by a reasonable search.

**INTERROGATORY NO. 18:** Of the SIM SWAPS listed in response to Interrogatory No. 17, identify all SIM SWAPS that were reversed within two weeks after the SIM SWAP occurred, and for each reversed SIM SWAP, state all facts for why each SIM SWAP was reversed and all communications to or from the Customer about the SIM SWAP and/or its reversal.

**AT&T RESPONSE TO INTERROGATORY NO. 18:** [AT&T recites its General and Specific Objections as stated in response to Interrogatory No. 17.] Subject to and without waiving its General and Specific Objections, AT&T responds as follows: AT&T has identified in response to this Interrogatory two SIM swaps performed under the ATTUID jx583v. On the attached Exhibit B, AT&T has identified these two SIM swaps and further information regarding those SIM swaps. The customers involved in these two SIM swaps reported that they were having issues with their phone service after the SIM changes were performed and AT&T reversed the SIM changes accordingly.

**INTERROGATORY NO. 19:** Of the SIM SWAPS listed in response to Interrogatory No. 17, identify all SIM SWAPS that were referred to AT&T's Global Fraud Department or were investigated by AT&T and the date(s) of referral and/or investigation for each referred or investigated SIM SWAP.

**AT&T RESPONSE TO INTERROGATORY NO. 19:** [AT&T recites its General and Specific Objections as stated in response to Interrogatory No. 17.] Subject to and without waiving its General and Specific Objections, AT&T responds as follows: the SIM swaps listed in response to Interrogatory No. 18 were conducted in connection with accounts of customers other than Mr. Terpin. These customers reported to AT&T that they were having problems with their phone service; the matters were handled by AT&T's Customer Service representatives,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 18-6975-ODW (KSx)                                    Date: December 20, 2022

Title      *Michael Terpin v. AT&T Mobility LLC, et al.*

who reversed the SIM changes. The customers did not report any additional issues thereafter.

**INTERROGATORY NO. 20**: State all information that YOU knew about SMITH prior to January 7, 2018, including without limitation SMITH's terms of employment, SMITH's background, SMITH's training, any involvement that SMITH had with UNAUTHORIZED SIM SWAP activity prior to January 7, 2018, and all information provided to YOU about Smith by Spring Communications.

**AT&T RESPONSE TO INTERROGATORY NO. 20:** [AT&T recites its General and Specific Objections as stated in response to Interrogatory No. 17.] Subject to and without waiving its General and Specific Objections, AT&T responds as follows: Jahmil Smith was not an AT&T employee, but an employee of an independent contractor. Login credentials were ordered for Smith on September 20, 2017; however, AT&T believes Smith did not begin his employment for Spring Communications until about mid-October of 2017. Smith performed a variety of tasks for AT&T customers.

### THE MOTION

**A. Plaintiff's Arguments**

Plaintiff argues that the additional discovery he seeks regarding Smith's SIM swap activity is "central to Plaintiff's claims." (Joint Stip. at 1.) Specifically, the information requested in Plaintiff's Interrogatories Nos. 17-20, "includes information relating not just to the Terpin SIM Swap, but to all SIM swaps conducted by Smith, including but not limited to those that were later reversed." (*Id.*) According to Plaintiff, the information is both relevant and proportional. (*Id.*)

Plaintiff maintains that the information regarding Smith's SIM swap activity—both authorized and unauthorized—is relevant to Plaintiff's allegations of AT&T's negligence, negligent hiring, retention and supervision, as well "what AT&T knew or should have known" regarding Smith's unfitness "in regard to conducting unauthorized SIM swaps." (*Id.*) Plaintiff also argues that the information is relevant to AT&T's failure "to enact safeguards" to prevent Smith and others from bypassing security procedures, as well as "the failure of AT&T or AT&T's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                          Date: December 20, 2022

Title    *Michael Terpin v. AT&T Mobility LLC, et al.*

agent Spring to remove Smith or restrict his ability to conduct SIM swaps after AT&T had knowledge of his unauthorized SIM swap activity." (*Id.* at 2.)

Plaintiff contends that AT&T has provided "incomplete and inadequate responses to this discovery" and deliberately refused to provide the requested detail regarding Smith's SIM swaps and in particular, "deliberately providing inadequate detail regarding the SIM Swaps conducted by Smith that were reversed within two weeks." (*Id.* at 3.)  These alleged deficiencies in AT&T's responses to Interrogatories Nos. 17-20 "prevent[] Plaintiff from analyzing the methodology of those unauthorized SIM swaps." (*Id.*)

Plaintiff wants information "relating to all of the SIM swaps, so that it may determine to what extent the SIM swaps had any 'red flags' sufficient to determine whether they were unauthorized by the customers and thus constitute clear warning signs as to Smith's manifest unfitness as an employee." (*Id.*)

   B.  **AT&T's Arguments**

As an initial matter, AT&T contends that none of the information in the "disputed portion of Plaintiff's Interrogatories 17-20" is relevant to any issue in this case. (*Id.* at 4.)  AT&T argues that the discovery it has provided in the case includes extensive information on its security measures, and "full discovery regarding Mr. Terpin's own account and SIM change, including extensive call records, as well as account notes that reflect the communications of third party Spring Mobile with the individuals who requested the SIM change and with Mr. Terpin and his wife." (*Id.*)

AT&T argues that the information Plaintiff seeks regarding other customers' personal information is not relevant here, and confirms that it has provided "extensive information on the only two SIM changes performed under Jahmil Smith's ATTUID that were reversed shortly after being performed, as would be expected if a SIM change were unauthorized." (*Id.*)  AT&T represents that it has "separately provided records regarding the use in other SIM changes of the IMEI (in effect, the identifying number on a device) to which  Mr. Terpin's phone number was swapped." (*Id.*)  AT&T also argues that information concerning the names, contact information,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                           Date: December 20, 2022

Title   *Michael Terpin v. AT&T Mobility LLC, et al.*

and detail for the customers involved in the two potentially unauthorized SIM changes done under Smith's ATTUID is "entirely irrelevant." (*Id.*)  In addition, AT&T objects that it should not be required to engage in "an individualized review of the account notes for the 87 likely-authorized SIM changes," on the chance that the search might uncover previously undiscovered SIM changes that were unauthorized.  (*Id.*)

As to Interrogatory No. 17, AT&T emphasizes that it has identified every SIM change performed under Mr. Smith's ATTUID, and to the extent that these SIM changes were authorized by the customer, they have no bearing on Mr. Terpin's claim, "except to emphasize how rare unauthorized SIM changes are and how successful AT&T's security measures are." (*Id.* at 5.) Additionally, AT&T underscores that information regarding authorized SIM swaps is "categorically inapplicable" to demonstrate Plaintiff's allegation that "AT&T knew or should have known that Smith endangered its customers by engaging in unauthorized SIM Swaps."  (*Id.* (internal quotation marks omitted).)  AT&T argues that any inquiry into apparently authorized SIM changes performed under Smith's ATTUID is highly unlikely to reveal any evidence of yet-undiscovered-unauthorized SIM swaps because unauthorized SIM changes are "overwhelmingly likely to be promptly reversed when the customer loses service" and because the remaining SIM changes under Smith's ATTUID "were not promptly reversed, there is no basis for the expansive discovery Mr. Terpin requests into those other SIM changes."  (*Id.*)

With respect to Interrogatory No. 18, AT&T argues that it has already "provided extensive information regarding the two SIM changes that were quickly reversed." (*Id.* at 6.)  AT&T notes that in response to Interrogatory No. 17, it has already disclosed to Plaintiff the date and time the representative accessed the account; the SIM number; the IMEI; the manufacturer and model of the phone to which the number was swapped; the date and time on which the SIM change occurred and when it was reversed; the first city in which the device to which the phone number was swapped was used; and the city and state of the customer's account address.  (*Id.*)  AT&T states that it has provided ample information regarding other unauthorized SIM swaps performed under Smith's ATTUID and specifically object to "Mr. Terpin's request for the customers' names and phone numbers so he can call them" on the ground that this "substantially impairs their privacy rights with no corresponding benefit to a just resolution of this case." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                   Date: December 20, 2022

Title   *Michael Terpin v. AT&T Mobility LLC, et al.*

Addressing Interrogatory No. 19, AT&T insists that it "*did* clarify in the parties' meet and confer correspondence . . . that the two SIM changes that were potentially unauthorized were not reported to AT&T's Global Fraud Management Organization ('GFMO'), which was implicit in AT&T's response to this Interrogatory." (*Id.*)  AT&T also argues that, contrary to Plaintiff's assertions, it would not be simple to "verify that the apparently authorized SIM changes were not reported to GFMO" because that "would require individualized scrutiny of 87 different sets of account notes." (*Id.*)  AT&T emphasizes that each customer's account notes provide a detailed recounting of a customer's interactions with AT&T or its authorized retailers or call centers, often including hundreds of individual entries for activities as diverse as account upgrades and notations for the receipt of payments. (*Id.* at 6-7.)  In the absence of any reasons to suspect that the never-reversed SIM changes were unauthorized, the invasion of customer privacy and burdensome exercise to verify that no other unauthorized SIM changes evaded notice by the customer is unwarranted. (*Id.* at 7.)

Finally, with respect to Interrogatory No. 20, AT&T objects that the request is both sweeping and vague insofar as it seeks "all information that AT&T knew about Jahmil Smith prior to January 7, 2018." (*Id.*)  As an initial matter, AT&T counters that Smith is not an AT&T employee, but was employed by an authorized retailer. (*Id.*)  AT&T states that Smith "did not work for AT&T, was not hired by AT&T, and was not trained by AT&T." (*Id.*)  AT&T emphasizes that Smith was hired and trained by Spring Mobile and Plaintiff has already served discovery on Prime Communications, a claimed successor to Spring Mobile. (*Id.*)  Nevertheless, "AT&T responded that it was not aware of any complaints about [] Smith" and was "not aware of any problems with [] Smith prior to the SIM change on Mr. Terpin's account and discovery of two potentially suspect SIM changes years later in the context of this case." (*Id.*)  On that basis, AT&T maintains that no further response is necessary. (*Id.*)

**LEGAL STANDARD**

**A.  Scope of Discovery**

Under Federal Rule of Civil Procedure 26, a party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1).  In considering proportionality, courts consider six

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                             Date: December 20, 2022

Title       *Michael Terpin v. AT&T Mobility LLC, et al.*

---

factors, namely, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *Id.*  Relevant information need not be admissible to be discoverable.  *Id.*  District courts have broad discretion in controlling discovery.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**DISCUSSION**

**A. Analysis**

After reviewing the Interrogatories, AT&T's responses and objections, the parties' Joint Stipulation, Exhibits, and Supplemental briefs, the Court concludes that some additional information that Plaintiff seeks is relevant and proportional to the needs of the case, but most is not.  Accordingly, the Motion is granted in part and denied in part as set forth below.

<u>Interrogatory No. 17</u> - The Court is unpersuaded that information about *authorized* SIM swaps is relevant and proportionate to the needs of this case.  The claims and defenses at issue here specifically pertain to an *unauthorized* SIM swap done by Smith that allegedly led to the theft of cryptocurrency valued at some $24 million.

AT&T argues that there were 90 SIM swaps under Smith's ATTUID during his three-month employment, but only two of those SIM changes were quickly reversed, suggesting those were unauthorized changes. (Joint Stip. at 4, 13.)  Plaintiff, on the other hand, maintains that there were only 87 separate SIM changes performed by Smith. (*Id.* at 15 n.5.)  The Court finds that any difference is immaterial, because it is unpersuaded that a probe of *authorized* SIM swaps is in any way relevant to establishing what AT&T "knew or should have known" about the risks to its customers of *unauthorized* SIM swaps such as what is alleged to have occurred to Plaintiff. Further, disclosure of details of authorized SIM swaps, will not provide information relevant to Plaintiff's claim "for negligence in regard to designing, maintaining and testing its security system" or "negligent supervision in failing properly to train its employees to safeguard and protect Mr. Terpin's personal information." (*Id.* at 17.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                                    Date: December 20, 2022

Title   *Michael Terpin v. AT&T Mobility LLC, et al.*

Discovery while broad, is not unlimited. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." (internal quotation marks omitted)). Interrogatory No. 17 is indeed sweeping in scope, and appears to be the sort of "fishing expedition" that has long been disfavored in civil discovery. *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) ("We cannot condone the use of discovery to engage in fishing expedition[s]." (internal quotation marks omitted) (alteration in original)).

Accordingly, the Motion is DENIED as to Interrogatory No. 17 and no further response from AT&T is necessary.

Interrogatory No. 18 - AT&T represents that it has provided extensive responsive information concerning two SIM swaps Smith performed on December 9, 2017 that were reversed within two weeks, and those SIM swaps are identified in Exhibit B. In addition, AT&T confirms that Interrogatory No. 18 specifically asked for "the SIM swaps reversed within two weeks," and AT&T provided that information and confirmed that Exhibit B answered this request. (Joint Stip. at 6, n.4.) The Court finds that to the extent Plaintiff seeks customer names and addresses for individuals who are not parties to this action, that information is irrelevant, disproportionate, and, notwithstanding the Stipulated Protective Order, a potential invasion of non-parties' rights of privacy for which Plaintiff has provided no justification. There is no dispute that the amount in controversy is significant, this lawsuit involves allegations of a loss of $24 million in cryptocurrency as a result of an alleged SIM swap fraud. But the amount at issue does not, of itself, make the discovery of non-party personal contact information proportionate to the needs of this case. This action is neither a class action nor a mass action.

AT&T responds that after reviewing the SIM swaps that Smith performed, AT&T only identified as unauthorized the two SIM swaps that resulted in quick reversals. (*Id.* at 4.) Plaintiff, however, argues that solely using a quick reversal as a criteria is not sufficient to identify possible unauthorized SIM swaps that Smith performed because Plaintiff's fraudulent SIM swap did not result in a reversal of the swap, but a *suspension* of service. (Pl.'s Supp. Br. at 4 n.2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                                    Date: December 20, 2022

Title      *Michael Terpin v. AT&T Mobility LLC, et al.*

Even if Plaintiff's assertion is true, Interrogatory No. 18 specifically asked for AT&T to "identify all SIM SWAPS that were reversed within two weeks after the SIM SWAP occurred," and AT&T did that.  AT&T argues that it should not be required to engage in "an individualized review of the account notes for the 87 likely-authorized SIM changes," on the chance that the search might uncover previously undiscovered SIM changes that were unauthorized.  (Joint Stip at 4.)  The Court agrees.  Accordingly, the Motion is DENIED as to Interrogatory No. 18 and no further response is required.

Interrogatory No. 19 - Here, Plaintiff seeks information regarding whether any SIM swap identified in response to Interrogatory No. 17 was referred to AT&T's Global Fraud Department or investigated by AT&T, and the date of referral or investigation for each such SIM swap.  In its response, after asserting a plethora of objections, AT&T provides a brief narrative as to what the customers reported, and states that "the matters were handled by AT&T's Customer Service representatives, who reversed the SIM changes. The customers did not report any additional issues thereafter." (*See id.* at 13.)  AT&T's response to Interrogatory No. 19 is not entirely responsive.

AT&T argues that in responding to Interrogatory No. 19, it "*did* clarify in the parties meet and confer correspondence that the two SIM changes that were potentially unauthorized were not reported to AT&T's Global Fraud Management Organization [] which was implicit in AT&T's response to this Interrogatory." (*Id.* at 6 (internal citation omitted).)  But a meet and confer communication does not substitute for a fulsome, verified response to the interrogatory itself.  Rule 33 requires that a party's interrogatory response, "to the extent it is not objected to" must "be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3).  Thus, AT&T was required to provide a complete *explicit*, not merely implicit, response to the interrogatory.  *See Anderson v. Fresno Cnty., Hum. Servs. Sys.*, 2007 WL 1865657, at *3 (E.D. Cal. June 28, 2007) ("Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories." (internal quotation marks omitted)).  AT&T has not done that.

In its response to Interrogatory No. 19, AT&T in the Declaration of Joseph Morella states that the two unauthorized SIM swaps done under Smith's ATTUID, were not referred to AT&T's Global Fraud Department. (Morella Decl. ¶ 6.)  AT&T states that in both those cases, "the issue was treated as a technical problem." (*Id.*)  But AT&T does not indicate one way or the other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                              Date: December 20, 2022

Title   *Michael Terpin v. AT&T Mobility LLC, et al.*

whether it conducted any investigation of each of those apparently unauthorized SIM swaps. Such information is relevant to Plaintiff's claims for negligence and possible constructive knowledge that AT&T's security protocols may have been insufficient to prevent the type of theft at issue in this case.

Finally, to the extent AT&T represents that it identified only two unauthorized SIM swaps that Smith performed during the relevant time period, as discussed above, AT&T's response only included SIM swaps that involved quick reversals but did not include any that involved suspensions of service, similar to what allegedly occurred with Plaintiff. The Court can see no burden (and AT&T has shown none) in requiring AT&T, after it has further reviewed the Smith-related SIM swaps, to identify any SIM swaps involving suspensions of service that may reflect unauthorized SIM swaps to respond to Interrogatory No. 19 whether any such incidents were referred to AT&T's Global Fraud Department and whether AT&T conducted any investigation of these incidents.

Accordingly, the Motion is GRANTED in part as to Interrogatory No. 19. Within ten (10) days of the date of this Order, AT&T must provide a supplemental response to Interrogatory No. 19 that explicitly answers: (1) whether either of the two identified unauthorized SIM swaps performed under Smith's ATTUID in December 2017 were referred to the Global Fraud Department; and (2) whether AT&T conducted any investigation of either of the identified unauthorized SIM swaps and if so, when.

Interrogatory No. 20 - In this request, Plaintiff understandably seeks information regarding the hiring, training, and employment history of Smith. AT&T responds that Smith "was not an AT&T employee" but instead was "an employee of an independent contractor." (Joint Stip. at 15.) AT&T states that Smith's login credentials were ordered on September 20, 2017 and it "believes Smith did not begin his employment for Spring Communications until about mid-October of 2017." (*Id.*) AT&T maintains that the request "is a sweeping and vague request for all information that AT&T knew about Jahmil Smith prior to January 7, 2018." (*Id.* at 7.) AT&T emphasizes that "Plaintiff has served discovery on Prime Communications, a claimed successor to Spring Mobile, which is the appropriate target of this discovery." (*Id.*) AT&T represents that it "was not aware

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                            Date: December 20, 2022

Title   *Michael Terpin v. AT&T Mobility LLC, et al.*

of any problems with [] Smith prior to the SIM change on Mr. Terpin's account, and discovery of two potentially suspect SIM changes years later in the context of this case." (*Id.*)

The Court agrees with Plaintiff that the information sought regarding Smith's hiring, training, and work performance at AT&T's authorized retailer Spring Mobile, is highly relevant to the claims and defenses at issue and proportionate to the needs of the case. But insofar as AT&T represents that it was not Smith's employer, and did not hire and/or train Smith, the Court concludes that Plaintiff has properly sought this information from Prime Communications and no further response from AT&T is required.

Accordingly, the Motion is DENIED as to Interrogatory No. 20; no further response by AT&T is required.[1]

### B. The Court Declines to Apportion Reasonable Expenses Under Rule 37(a)(5)(C)

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), if a motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C). Given that the Motion is granted in part and denied in part, the Court, in its discretion, declines to apportion reasonable expenses. *See Barlow v. Herman*, 2015 WL 846568, at *3 (D. Nev. Feb. 26, 2015) ("The primary difference between Rule 37(a)(5)(A) and Rule 37(a)(5)(C) is that an award is discretionary under Rule 37(a)(5)(C).").

**CONCLUSION**

For the reasons outlined above, the Motion is GRANTED in part and DENIED in part. The Motion is GRANTED in part as to Interrogatory No. 19 as follows: **within ten (10) days of**

---

[1] Needless to say, nothing in this Order precludes Plaintiff from seeking to impeach AT&T on its verified discovery representations as to its lack of involvement in any hiring and training of Smith or any subsequent knowledge of his work performance as it relates to the claims at issue here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-6975-ODW (KSx)                                                                 Date: December 20, 2022

Title        *Michael Terpin v. AT&T Mobility LLC, et al.*


**the date of this Order**, Defendant shall provide a supplemental response to Interrogatory No. 19 as outlined above.  The Motion is DENIED in all other respects.

Each party to bear its own costs.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |