MARCELLUS A. MCRAE, SBN 140308
  mmcrae@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ASHLEY E. JOHNSON, admitted *pro hac vice*
  ajohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2949

Attorneys for Defendant
AT&T Mobility LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TERPIN,<br><br>          Plaintiff,<br><br>     v.<br><br>AT&T MOBILITY LLC; and DOES 1-25,<br><br>          Defendants. | Case No. 2:18-cv-06975-ODW-KS<br><br>**DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT**<br><br>**<u>REDACTED PORTIONS FILED UNDER SEAL PURSUANT TO THE COURT'S FEBRUARY 24, 2023 ORDER [DKT 218]</u>**<br><br>[*Reply ISO Motion for Summary Judgment and Response to Plaintiff's Additional Facts lodged concurrently herewith*]<br><br>Hearing Date: February 27, 2023<br>Time: 1:30 p.m.<br>Pretrial Conference: April 10, 2023<br>Trial: May 2, 2023<br>Judge: Hon. Otis D. Wright II |

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

Pursuant to Federal Rule of Civil Procedure 56, Local Rules 56-1 and 56-2, and the Scheduling Order for this case (Dkt. 53), Defendant AT&T Mobility LLC ("AT&T") hereby submits the following evidentiary objections to the additional facts set forth in Plaintiff Michael Terpin's Statement of Genuine Disputes of Material Facts (and Conclusions of Law) in Opposition to AT&T's Motion for Summary Judgment (Dkt. 186-6).

## I.   EVIDENTIARY OBJECTIONS TO ADDITIONAL PLAINTIFF'S FACTS

**Additional Fact No. 1:** Objection to the purported fact on the grounds that it is a legal conclusion as to AT&T falling within the category of "common carrier" and as to its obligations under the FCA—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is also argument and improper opinion evidence. Fed. R. Evid. 701, 702.

**Additional Fact No. 2:** Objection to the purported fact on the grounds that it is a legal conclusion as it states the legal requirements set forth in section 222 of the FCA—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 701, 702.

**Additional Fact No. 3:** Objection to the purported fact on the grounds that it is a legal conclusion stating the FCC's interpretation of section 222 of the FCA—not a fact. Fed. R. Evid. 401, 402.

**Additional Fact No. 4:** Objection to the purported fact on the grounds that it is a legal conclusion as it states requirements that apply to AT&T under section 222 of the FCA—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 701, 702.

**Additional Fact No. 5:** Objection as the purported fact is a legal conclusion regarding the meaning of "proprietary information" as that term is used in section 222 of the

Gibson, Dunn & Crutcher LLP

FCA—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 701, 702.

**Additional Fact No. 6:** Objection as the purported fact is a legal conclusion interpreting the type of information protected by section 222 of the FCA—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 701, 702.

**Additional Fact No. 7:** Objection as the purported fact is a legal conclusion interpreting the FCC's Pretexting Order—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 701, 702.

Objection to Exhibit 45 on the grounds that the cited paragraphs are irrelevant to the issues set forth in AT&T's Motion for Summary Judgment. To the extent Terpin contends providing examples of protections that the FCC has required is relevant to whether risks relating to improper authentication were foreseeable, that issue has no bearing on the legal question of whether AT&T's conduct was the proximate cause of Terpin's harm. Fed. R. Evid. 402.

**Additional Fact No. 8:** Objection to Exhibit 43 on the grounds that the FCC's 2015 fine imposed against AT&T under the Consent Decree is not relevant to the arguments set forth in AT&T's Motion for Summary Judgment in that this fine does not have a tendency to disprove those arguments. Fed. R. Evid. 401, 402. The AT&T Consent Decree as a whole is irrelevant to the issues set forth in AT&T's Motion for Summary judgment in that, among other things, it did not involve SIM swaps or cryptocurrency theft. Fed. R. Evid. 401, 402.

**Additional Fact No. 9:** Objection to Exhibit 43 on the grounds that the manner in which the AT&T Consent Decree arose is not relevant to the arguments set forth in AT&T's Motion for Summary Judgment in that this fine does not have a tendency to disprove

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

those arguments. Fed. R. Evid. 401, 402. To the extent that the AT&T Consent Decree is being used to suggest that AT&T had notice of risks from the release of confidential customer information, whether the risks were foreseeable does not have a tendency to disprove the arguments set forth in AT&T's Motion for Summary Judgment. Fed. R. Evid. 401, 402.

**Additional Fact No. 10:** Objection to Exhibit 43 on the grounds that AT&T's obligations under the AT&T Consent Decree are not relevant to the issues raised in AT&T's Motion for Summary Judgment as that Motion does not address the reasonableness of AT&T's security measures or whether AT&T met the relevant standard of care. Fed. R. Evid. 401, 402.

**Additional Fact No. 11:** Objection as the purported fact is a legal conclusion as to what AT&T was required to do under the Consent Decree—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 701, 702.

Objection to Exhibit 43 on the grounds that AT&T's obligations under the AT&T Consent Decree are not relevant to the issues raised in AT&T's Motion for Summary Judgment in that, among other things, that Motion does not address the reasonableness of AT&T's security measures or whether AT&T met the relevant standard of care. Fed. R. Evid. 401, 402.

**Additional Fact No. 12:** Objection to the purported fact on the grounds that it is a legal conclusion as to what "[t]he FCC required" from AT&T under the Consent Decree—not a fact. Fed. R. Evid. 401, 402, 701, 702.

Objection to Exhibit 43 on the grounds that AT&T's obligations under the AT&T Consent Decree are not relevant to the issues raised in AT&T's Motion for Summary Judgment in that, among other things, that Motion does not address the reasonableness

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

of AT&T's security measures or whether AT&T met the relevant standard of care. Fed. R. Evid. 401, 402.

**Additional Fact No. 13:** Objection to the purported fact on the grounds that it is a legal conclusion as to what "[t]he FCC required" from AT&T under the AT&T Consent Decree—not a fact. Fed. R. Evid. 401, 402 701, 702.

Objection to Exhibit 43 on the grounds that AT&T's obligations under the AT&T Consent Decree are not relevant to the issues raised in AT&T's Motion for Summary Judgment in that, among other things, that Motion does not address the reasonableness of AT&T's security measures or whether AT&T met the relevant standard of care. Fed. R. Evid. 401, 402.

**Additional Fact No. 14:** Objection to the purported fact on the grounds that it is a legal conclusion as to what "[t]he FCC required" from AT&T under the AT&T Consent Decree—not a fact. Fed. R. Evid. 401, 402, 701, 702.

Objection to Exhibit 43 on the grounds that AT&T's obligations under the AT&T Consent Decree are not relevant to the issues raised in AT&T's Motion for Summary Judgment in that, among other things, that Motion does not address the reasonableness of AT&T's security measures or whether AT&T met the relevant standard of care. Fed. R. Evid. 401, 402.

**Additional Fact No. 17:** Objection to the purported fact on the grounds that it is a legal conclusion that the quoted behavior violates section 222 of the FCA—not a fact. Fed. R. Evid. 401, 402, 701, 702.

Objection to Exhibit 48 on the grounds that it contains legal conclusions regarding the interpretation and scope of section 222 of the FCA. A notice of proposed rulemaking does not have the force or effect of law. Fed. R. Evid. 401, 402.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO
PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

**Additional Fact No. 18:** Objection to the purported fact on the grounds that it is a legal conclusion regarding that CPNI could be transferred or disclosed in a SIM swap and what meets the legal definition of CPNI—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 401, 402, 701, 702. And because the purported fact does not accurately reflect those statements made in the cited evidence, it lacks adequate foundation. Fed. R. Evid. 602.

Objection to the NPR (Exhibit 48) on the grounds that it is hearsay as it is an out-of-court statement being used for the truth of the matter asserted—i.e., that various forms of CPNI can be turned over by virtue of a SIM swap. Fed. R. Evid. 802. To the extent that Plaintiff suggests that it is excluded from the hearsay rule as a public record, the NPR does not meet the criteria of Fed. R. Evid. 803(8)(A).

**Additional Fact No. 19:** Objection to the purported fact on the grounds that it is a legal conclusion regarding what constitutes a legally enforceable promise in the Privacy Policy and COBC—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 701, 702.

**Additional Fact No. 20:** Objection to the purported fact on the grounds that it is a legal conclusion as to what legal obligations AT&T had in 2017 and 2018—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 701, 702.

Objection to Exhibit 43 on the grounds that AT&T's obligations under the AT&T Consent Decree are not relevant to the issues raised in AT&T's Motion for Summary Judgment as that Motion does not address the reasonableness of AT&T's security measures or whether AT&T met the relevant standard of care. Fed. R. Evid. 401, 402.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

**Additional Fact No. 22:** Objection to the purported fact on the grounds that it is a legal conclusion as to what commitments AT&T made in the Privacy Policy—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 701, 702.

**Additional Fact No. 23:** Objection to Exhibit 41 on the grounds that Terpin's own interrogatory responses are inadmissible hearsay. Fed. R. Evid. 802; *AT & T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008).

**Additional Fact No. 24:** Objection to the purported fact on the grounds that it is a legal conclusion regarding what constitutes a legally enforceable promise in the COBC—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 701, 702.

Objection to Exhibit 41 on the grounds that Terpin's own interrogatory responses are inadmissible hearsay. Fed. R. Evid. 802; *AT & T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008). Additionally, the cited responses contain argument and improper legal conclusions—not facts. Fed. R. Evid. 401, 402, 701, 702.

**Additional Fact No. 25:** Objection to the purported fact on the grounds that it is a legal conclusion regarding what constitutes a legally enforceable promise in the COBC—not a fact. Fed. R. Evid. 401, 402. Accordingly, the purported fact is argument and improper opinion evidence. Fed. R. Evid. 701, 702.

Objection to Exhibit 41 on the grounds that Terpin's own interrogatory responses are inadmissible hearsay. Fed. R. Evid. 802; *AT & T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008). Additionally, the cited responses contain argument and improper legal conclusions—not facts. Fed. R. Evid. 401, 402, 701, 702.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

**Additional Fact No. 27:** Objection to Exhibit 21 at 3750, 374-57 on the grounds that it contains inadmissible hearsay. Specifically, the account records reflect that Terpin informed AT&T that ███████████████████████████████████████ ███████████████████ which are out-of-court statements used for the truth of the matter asserted. Fed. R. Evid. 802.

**Additional Fact No. 30:** Objection to Exhibit 41 on the grounds that Terpin's own interrogatory responses are inadmissible hearsay. Fed. R. Evid. 802; *AT & T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008). Additionally, the cited portions include opinions regarding the cause of the June 11, 2017, which is a legal conclusion and improper opinion. Fed. R. Evid. 401, 402, 701, and 702. Further, because the June 11, 2017 SIM swap is not part of Terpin's claims in this action, any evidence as to its cause is irrelevant. Fed. R. Evid. 401, 402.

**Additional Fact No. 31:** Objection to Exhibit 41, to the extent it is relied on, on the grounds that Terpin's own interrogatory responses are inadmissible hearsay. Fed. R. Evid. 802; *AT & T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008). In addition to the responses themselves, any purported statements made by an alleged employee to Terpin are inadmissible hearsay as there is no indication as to whether the employee was an AT&T employee or otherwise authorized to speak on AT&T's behalf. Fed. R. Evid. 801. Additionally, the cited portions include opinions regarding what AT&T purportedly promised, which is a legal conclusion and improper opinion. Fed. R. Evid. 401, 402, 701, and 702. Further, Terpin has not provided adequate foundation for the statements made in Exhibit 41 as to what the "extra security" would or would not protect. Fed. R. Evid. 602.

**Additional Fact No. 32:** Objection to Exhibit 41 on the grounds that Terpin's own interrogatory responses are inadmissible hearsay. Fed. R. Evid. 802; *AT & T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008).

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

**Additional Fact No. 33:** Objection to Exhibit 41 on the grounds that Terpin's own interrogatory responses are inadmissible hearsay. Fed. R. Evid. 802; *AT & T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008). In addition to the responses themselves, the assertion contained therein that Terpin "informed AT&T that he had los[t] cryptocurrency" is inadmissible hearsay. Fed. R. Evid. 802.

**Additional Fact No. 34:** Objection to Exhibit 41 on the grounds that Terpin's own interrogatory responses are inadmissible hearsay. Fed. R. Evid. 802; *AT & T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008). In addition to the responses themselves, any purported statements made by an alleged employee to Terpin are inadmissible hearsay as there is no indication as to whether the employee was an AT&T employee or otherwise authorized to speak on AT&T's behalf. Fed. R. Evid. 801, 802.

**Additional Fact No. 35:** Objection to Exhibit 41 on the grounds that Terpin's own interrogatory responses are inadmissible hearsay. Fed. R. Evid. 802; *AT & T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008). In addition to the responses themselves, any purported statements made by an alleged employee to Terpin are inadmissible hearsay as there is no indication as to whether the employee was an AT&T employee or otherwise authorized to speak on AT&T's behalf. Fed. R. Evid. 801.

**Additional Fact No. 41:** Objection to Exhibit 41 on the grounds that Terpin's own interrogatory responses are inadmissible hearsay. Fed. R. Evid. 802; *AT & T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1109 (N.D. Cal. 2008). In addition to the responses themselves, any purported statements made by an alleged employee to Terpin are inadmissible hearsay as there is no indication as to whether the employee was an AT&T employee or otherwise authorized to speak on AT&T's behalf. Fed. R. Evid. 801, 802. Further, the assertion that AT&T made legally enforceable "promises" is a legal conclusion—not a fact—and is argument and improper opinion. Fed. R. Evid. 401, 402, 701, 702.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

Objection to Terpin Declaration ¶¶ 2-3 on the grounds that any purported statements made by an employee to Terpin are inadmissible hearsay as there is no indication as to whether the employee was an AT&T employee or otherwise authorized to speak on AT&T's behalf. Fed. R. Evid. 801, 802. Further, the assertion that AT&T made legally enforceable "promises" is a legal conclusion and argument—not a fact—and is an improper opinion. Fed. R. Evid. 401, 402, 701,702.

**Additional Fact No. 42:** Objection to the purported fact on the grounds that it is argument, not a fact of consequence in determining the issues set forth in AT&T's Motion for Summary Judgment. Fed. R. Evid. 401, 402.

Objection to Terpin Declaration ¶¶ 2-3 on the grounds that any purported statements made by an employee to Terpin are inadmissible hearsay as there is no indication as to whether the employee was an AT&T employee or otherwise authorized to speak on AT&T's behalf. Fed. R. Evid. 801, 802. Further, the assertion that AT&T made legally enforceable "promises" is a legal conclusion and argument—not a fact—and is an improper opinion. Fed. R. Evid. 401, 402, 701,702.

**Additional Fact No. 43:** Objection to Terpin Declaration ¶ 4 on the grounds that any purported statements made by an employee to Terpin are inadmissible hearsay as there is no indication as to whether the employee was an AT&T employee or otherwise authorized to speak on AT&T's behalf. Fed. R. Evid. 801, 802. This defect also means there is a lack of foundation regarding any allegation of what the "extra" security did or did not provide. Fed. R. Evid. 602. Regardless, the issue of Terpin's "extra" protection is irrelevant to the issues set forth in AT&T's Motion for Summary judgment. Fed. R. Evid. 401, 402.

**Additional Fact No. 44:** Objection to this fact on the grounds that the phrase "[c]onsistent with and echoing statements made by AT&T" is inadmissible hearsay as

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

there is no indication as to whether the employee was an AT&T employee or otherwise authorized to speak on AT&T's behalf. Fed. R. Evid. 801, 802. This defect also means there is a lack of foundation for any claims as to what the "extra" security did nor did not provide. Fed. R. Evid. 602.

**Additional Fact No. 45:** Objection to the purported fact on the grounds that an assertion regarding what was foreseeable to AT&T as of June 11, 2017 and January 7, 2018 is a legal conclusion, argument, and improper opinion. Fed. R. Evid. 401, 402, 701, 702. This defect also means there is a lack of foundation for any claims as to what was "foreseeable to AT&T." Fed. R. Evid. 602. Additionally, whether it was foreseeable that unauthorized SIM swaps could financially harm customers is not relevant because it does not have a tendency to disprove the arguments set forth in AT&T's Motion for Summary Judgment. Fed. R. Evid. 401, 402.

**Additional Fact No. 51:** Objection to the purported fact on the grounds that it is a legal conclusion as to what "AT&T knew or should have known before June 7, 2016" and is argument—not a fact. Fed. R. Evid. 401, 402, 701, 702. The purported fact also lacks foundation as to AT&T's knowledge. Fed. R. Evid. 602. Accordingly, the purported fact is also improper opinion evidence. Fed. R. Evid. 701, 702.

Objection to Exhibit 10 as hearsay to the extent it is being used for the truth of the matter asserted—i.e., that there was a SIM swapping scam that tricked customers into providing the last four numbers of their SSNs so that an "impersonator" could engage in a SIM swap. Fed. R. Evid. 802. To the extent that Plaintiff suggests that it is excluded from the hearsay rule as a public record, the NPR does not meet the criteria of Fed. R. Evid. 803(8)(A).

**Additional Fact No. 52:** Objection to the purported fact on the grounds that it is a legal conclusion as to what "AT&T knew or should have known" about the FTC's blog post

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

and is argument—not a fact. Fed. R. Evid. 401, 402, 701, 702. The purported fact also lacks foundation as to AT&T's knowledge. Fed. R. Evid. 602. Accordingly, the purported fact is also improper opinion evidence. Fed. R. Evid. 701, 702.

Objection to Exhibit 8 as hearsay to the extent it is being used for the truth of the matter asserted—i.e., that there was a SIM swapping scam that tricked customers into providing the last four numbers of their SSNs so that "phones could be hijacked by an identity theft" to steal financial assets. Fed. R. Evid. 802. To the extent that Plaintiff suggests that it is excluded from the hearsay rule as a public record, the NPR does not meet the criteria of Fed. R. Evid. 803(8)(A).

**Additional Fact No. 53:** Objection to the purported fact on the grounds that it is a legal conclusion as to what "AT&T knew or should have known" about various news articles prior to January 7, 2018 and is argument—not a fact. Fed. R. Evid. 401, 402, 701, 702. The purported fact also lacks foundation as to AT&T's knowledge. Fed. R. Evid. 602. Accordingly, the purported fact is also improper opinion evidence. Fed. R. Evid. 701, 702.

Objection to Exhibit 11 as hearsay to the extent it is being used for the truth of the matter asserted—i.e., that SIM swaps have, in fact, been used to steal cryptocurrency. Fed. R. Evid. 802.

Objection to Exhibit 12 as hearsay to the extent it is being used for the truth of the matter asserted—i.e., that SIM swaps have, in fact, been used to steal cryptocurrency. Fed. R. Evid. 802.

**Additional Fact No. 54:** Objection to the purported fact on the grounds that it is a legal conclusion as to what "AT&T knew or should have known" about the December 12, 2016 article in *Forbes* and is argument—not a fact. Fed. R. Evid. 401, 402, 701, 702. The purported fact also lacks foundation as to AT&T's knowledge. Fed. R. Evid. 602.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

Accordingly, the purported fact is also improper opinion evidence. Fed. R. Evid. 701, 702.

Objection to Exhibit 12 as hearsay to the extent it is being used for the truth of the matter asserted—i.e., "[h]ackers have stolen millions of dollars in Bitcoin—using only phone numbers," and that there was a "spate of recent hackings . . . ." Fed. R. Evid. 802.

**Additional Fact No. 55:** Objection to the purported fact on the grounds that it is a legal conclusion as to what "AT&T knew or should have known" about the December 12, 2016 article in *Forbes* and is argument. Fed. R. Evid. 401, 402. The purported fact also lacks foundation as to AT&T's knowledge. Fed. R. Evid. 602. Accordingly, the purported fact is also improper opinion evidence. Fed. R. Evid. 701, 702.

Objection to Exhibit 12 as hearsay to the extent it is being used for the truth of the matter asserted—i.e., "[h]ackers have stolen millions of dollars in Bitcoin—using only phone numbers," and that there was a "spate of recent hackings . . . ." Fed. R. Evid. 802.

**Additional Fact No. 56:** Objection to the purported fact on the grounds that it is a legal conclusion as to what "AT&T knew or should have known" regarding statements made by the CEO of a U.S.-based cryptocurrency exchange in the referenced *Forbes* article and is argument—not a fact. Fed. R. Evid. 401, 402, 701, 702. The purported fact also lacks foundation as to AT&T's knowledge. Fed. R. Evid. 602. Accordingly, the purported fact is also improper opinion evidence. Fed. R. Evid. 701, 702.

Objection to Exhibit 12 as hearsay to the extent it is being used for the truth of the matter asserted—i.e., that it is the elcos' fault "for not safekeeping phone numbers even though they are a linchpin in security"; that telephone numbers are not treated "like a bank account" but should be; and that telcos "prioritized convenience above else." Fed. R. Evid. 802. These statements also are legal conclusions, lack foundation as to what telcos believed, and are improper opinions. Fed. R. Evid. 401, 402, 602, 701, 702.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

**Additional Fact No. 57:** Objection to Exhibit 11 as hearsay to the extent it is being used for the truth of the matter asserted—i.e., that the number of unauthorized SIM swaps had increased since the *Forbes* article. Fed. R. Evid. 802.

**Additional Fact No. 60:** Objection to Exhibit 36 as hearsay to the extent it is being used for the truth of the matter asserted—i.e., that "[t]elecommunications providers . . . have been aware for over ten years that unauthorized third parties regularly attempt to obtain access to customer subscriber accounts to gain control over a customer's SIM card." Fed. R. Evid. 802. Additionally, the statements in the article lack foundation as to telecommunications providers' knowledge. Fed. R. Evid. 602.

**Additional Fact No. 80:** Objection to Exhibit 48 as hearsay to the extent that it is being used for the truth of the matters asserted—i.e, that Cryptocurrency has "joined the global financial system" in 2017. Fed. R. Evid. 802.

**Additional Fact No. 82:** Objection to the Deposition of Ellis Pinsky at 66:23-67:3 as hearsay to the extent that it is being used for the truth of the matters asserted—i.e., the comments allegedly made to him by the identified third parties. Fed. R. Evid. 802.

**Additional Fact No. 84:** Objection to the Deposition of Ellis Pinsky at 80:16-23 as hearsay and for lack of foundation to the extent that it is being used for the truth of the matters asserted—i.e., the comments regarding the people with whom he allegedly shared information. Fed. R. Evid. 802.

**Additional Fact No. 86:** Objection to the purported fact on the grounds that it is a legal conclusion as to what "AT&T knew or should have known" regarding Jahmil Smith's other SIM swaps and it is argument—not a fact. Fed. R. Evid. 401, 402, 701, 702. Additionally, the purported fact includes both speculation and a legal conclusion that AT&T could have taken actions "to prevent Smith from conducting the January 7, 2018 unauthorized SIM swap of Mr. Terpin's account." Fed. R. Evid. 401, 402. The purported

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

fact also lacks foundation as to AT&T's knowledge and the assertion that AT&T "did nothing." Fed. R. Evid. 602. Accordingly, the purported fact is also improper opinion. Fed. R. Evid. 701, 702.

**Additional Fact No. 93:** Objection to the purported fact on the grounds that the statement that the Prior Smith SIM Swaps "foreshadow[ed]" the January 7, 2018 SIM swap is a legal conclusion, improper opinion and argument—not a fact. Fed. R. Evid. 401, 402, 701, 702.

**Additional Fact No. 96:** Objection to the purported fact on the grounds that the assertion that AT&T "did not have or did not follow reasonable policies" is a legal conclusion, improper opinion, and argument—not a fact—and lacks foundation. Fed. R. Evid. 401, 402, 602, 701, 702.

**Additional Fact No. 97:** Objection to the purported fact on the grounds that the assertion that AT&T did not conduct the investigation because "of the decision that AT&T allowed the customer care representative to make" is a legal conclusion, improper opinion, and argument—not a fact—and lacks foundation. Fed. R. Evid. 401, 402, 602, 701, 702.

**Additional Fact No. 98:** Objection to the purported fact on the grounds that the assertion that "[h]ad AT&T performed proper procedures . . . it would not have allowed Smith to continue work" is a legal conclusion. Fed. R. Evid. 401, 402, 701, 702. Additionally, the statement is argument, improper opinion, and lacks foundation as to whether AT&T even had the ability to not allow Smith to work, that AT&T had access to basic information about the Prior Smith SIM Swaps that was readily available, and that AT&T did not perform proper procedures. Fed. R. Evid. 401, 402, 602, 701, 702.

**Additional Fact No. 102:** Objection to the AT&T Morella Deposition at 102:12-103:4 on the grounds that the testimony is not relevant in that the improper hypothetical

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO
PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

questions invite speculation. Fed. R. Evid. 402, 403. Additionally, because of the hypothetical nature of the questions, the testimony lacks foundation. Fed. R. Evid. 602. Additionally, these statements are improper opinion evidence as to what AT&T's customers' general knowledge and practices were. Fed. R. Evid. 701.

**Additional Fact No. 103:** Objection to the AT&T Morella Deposition at 102:12-103:4 and 176:17-177:8 on the grounds that the testimony is not relevant in that the improper hypothetical questions invite speculation. Fed. R. Evid. 401, 402, 403. Additionally, because of the hypothetical nature of the questions, the testimony lacks foundation. Fed. R. Evid. 602.

**Additional Fact No. 106:** Objection to the AT&T Morella Deposition at 108:8-15 on the grounds that the testimony is not relevant in that the improper hypothetical question as to what the witness "would . . . have wanted" under the posited circumstances invites speculation. Fed. R. Evid. 401, 402, 403. Additionally, because of the hypothetical nature of the questions, the testimony lacks foundation. Fed. R. Evid. 602.

**Additional Fact No. 107:** Objection to the AT&T Morella Deposition at 108:17-109:25 on the grounds that the testimony is not relevant in that the improper hypothetical question as to the witness's view regarding a hypothetical situation invites speculation and that there is no foundation for the witness to speculate on these issues. Fed. R. Evid. 401, 402, 403, 602.

**Additional Fact No. 109:** Objection to the AT&T Morella Deposition at 127:19-25 on the grounds that the witness lacks personal knowledge as to what information Spring may or may not have had. Fed. R. Evid. 602.

**Additional Fact No. 110:** Objection to the Prime/Milberger Deposition v.1 at 140:18-141:23 on the grounds that there is no foundation or basis for the corporate designee of Prime to have knowledge about what Spring did or did not know about the Prior Smith

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

SIM Swaps. Fed. R. Evid. 602. Further, what other companies knew (or did not know) about the Prior Smith SIM Swaps is not relevant in that it does not have a tendency to prove anything with regard to the issues set forth in AT&T's Motion for Summary Judgment. Fed. R. Evid. 401, 402.

**Additional Fact No. 112:** Objection to the AT&T Morella Deposition at 110:2-13 on the lack of foundation grounds in that the witness lacks personal knowledge and there is a lack of foundation regarding whether AT&T was provided with any explanation exonerating Smith with regard to Smith's involvement in the Prior Smith SIM Swaps. Fed. R. Evid. 602.

**Additional Fact No. 113:** Objection to the Prime/Milberger Deposition v.1 at 147:3-9 on the grounds that there is no factual basis for the witness, who is not a Spring employee, to have knowledge of whether or not Smith was reprimanded by Spring for his involvement in the Prior Smith SIM Swaps. Fed. R. Evid. 602.

**Additional Fact No. 126:** Objection to the Prime/Milberger Deposition v.2 at 197:2-17 on the grounds that there is no factual basis for the witness, who is not a Spring employee, to have knowledge of whether or not Smith was reprimanded by Spring for his involvement in the Prior Smith SIM Swaps. Fed. R. Evid. 602.

**Additional Fact No. 142:** Objection to this purported fact on the grounds that the assertion that the alleged delay in transferring Terpin's phone number back provided additional time for hackers to access his accounts is an improper opinion. Fed. R. Evid. 701, 702. And because the purported fact does not accurately reflect those statements made in the cited evidence, it lacks adequate foundation. Fed. R. Evid. 602.

**Additional Fact No. 164:** Objection the Deposition of Ellis Pinsky at 18:8-15 on the grounds that the statements regarding the value of the cryptocurrency lack foundation. Fed. R. Evid. 602.

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS

**Additional Fact No. 169:** Objection to the Deposition of Ellis Pinsky at 132:13-17 on the grounds that his claim that if the Terpin swap had been reversed within 20 to 25 minutes, Pinsky would not have been able to get into the Microsoft account is speculation—not a fact—and lacks foundation. Fed. R. Evid. 401, 402, 403 602.

**Additional Fact No. 172:** Objection to the purported fact on the grounds that the assertion that "the perpetrators gained access to Terpin's mobile account" because of "the actions of Smith" is a legal conclusion and argument—not a fact. Fed. R. Evid. 401, 402, 701, 702.

Dated: February 13, 2023

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jeremy S. Ochsenbein*
Jeremy S. Ochsenbein

Attorney for Defendant
AT&T MOBILITY LLC

Gibson, Dunn & Crutcher LLP

DEFENDANT AT&T MOBILITY LLC'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S ADDITIONAL FACTS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT
CASE NO. 2:18-CV-06975-ODW-KS